**QUINNEY ELECTRIC, INC., Petitioner,**

v.

**KONDOS ENTERTAINMENT, INC. and Jay Snyder, Respondents.**

No. 97–0594.

Supreme Court of Texas.

March 11, 1999.

Randolph M. Janssen, San Antonio, for Petitioner.

Maryann Sarris Brousseau, Dallas, Hilary Louise Thomas, Richardson, James Anderson W. Rose, Dallas, for Respondents.

PER CURIAM.

In this appeal, Quinney Electric asserts that the court of appeals improperly applied collateral estoppel to bar Quinney's suit against Kondos Entertainment and Jay Snyder. We agree. Therefore, we reverse the court of appeals' judgment and remand the case to the court of appeals to consider Kondos and Snyder's additional points of error.

Kondos Entertainment retained Quinney Electric to do electrical work. Jay Snyder represented Kondos in its dealings with Quinney. In partial payment of its work for Kondos, Quinney received checks Snyder signed and issued from an account in V–Ball, Inc.'s name. When Quinney stopped receiving checks for its work, it sued Kondos, V–Ball, and Snyder in state court for the unpaid contract balance, interest and attorneys' fees.

Four months later, V–Ball filed for bankruptcy and Quinney filed a proof of an unsecured claim for the $83,991.21 contract balance in the bankruptcy court. V–Ball contested Quinney's claim. The bankruptcy court entered an order allowing Quinney's claim as a general unsecured claim for $83,-724.76 and ordered V–Ball to pay the claim.

Quinney pursued its state court claim against Kondos and Snyder. The trial court rendered judgment for Quinney for actual damages, prejudgment interest, attorney's fees, court costs, and post-judgment interest. The trial court then credited the judgment with the $83,724.76 bankruptcy judgment that V–Ball paid.

The court of appeals reversed the trial court's judgment and rendered judgment for Kondos and Snyder. 948 S.W.2d 820, 825. The court of appeals held that the bankruptcy judgment collaterally estopped Quinney from relitigating the contract claim in state court. The court of appeals did not consider Kondos and Snyder's other points of error.

The doctrine of collateral estoppel is used to prevent a party from relitigating an issue that it previously litigated and lost. See Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 329, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979); Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 521 (Tex.1998). The doctrine of collateral estoppel generally applies when the issue was fully and fairly litigated in the previous action and was essential to the judgment in the previous action. See Johnson & Higgins of Texas, Inc., 962 S.W.2d at 521; Eagle Properties, Ltd. v. Scharbauer, 807 S.W.2d 714, 721 (Tex. 1990).

Here, the court of appeals held that Quinney was estopped from litigating its contract claim in state court because Quinney had already fully litigated the validity and the amount of its contract claim in bankruptcy court and those issues were not only essential to the bankruptcy court's judgment, they were the only issues the bankruptcy court considered. However, the court of appeals misunderstood the basic function of collateral estoppel—to prevent a party from relitigating an issue that the party previously litigated and lost. See Parklane, 439 U.S. at 329, 99 S.Ct. 645; Johnson & Higgins of Texas, Inc., 962 S.W.2d at 521. It could not estop Quinney, who prevailed on the contract issues in bankruptcy court, from relitigating the issues in its state court suit against Kondos and Snyder.

**214**

The court of appeals relied on *El Paso Natural Gas Co. v. Berryman* to support its conclusion that collateral estoppel estops a party from relitigating an issue upon which that party prevailed in an earlier proceeding. *See El Paso Natural Gas Co. v. Berryman,* 858 S.W.2d 362 (Tex.1993). However, *Berryman* does not stand for this proposition. In *Berryman,* the plaintiff sued the defendant for usury and obtained a judgment representing twice the usurious interest. The trial court denied the plaintiff's motion to modify the judgment to reflect three times the usurious interest. In a second suit against the first defendant's principal, the plaintiff again asked for the third multiple of damages. This Court held that the plaintiff was collaterally estopped from claiming the third multiple, an issue which the plaintiff had fully litigated and *lost* in the first action against the agent. Therefore, the court of appeals misconstrues *Berryman* when it cites it for the proposition that "[c]ollateral estoppel is applicable when a plaintiff seeks to relitigate in a second suit an issue upon which it prevailed in the initial suit." 948 S.W.2d at 824. Unlike the plaintiff in *Berryman,* Quinney prevailed on the issues it sought to relitigate and therefore, was not collaterally estopped from relitigating them. Instead, the trial court properly foreclosed Quinney's double recovery of contract damages by crediting Quinney's judgment against Kondos and Snyder with the amount Quinney received from the bankruptcy court judgment. *See Bradshaw v. Baylor,* 126 Tex. 99, 84 S.W.2d 703, 705 (1935) ("[A]n injured party is entitled but one satisfaction for the injuries sustained by him."). Further, the parties agree that they did not litigate attorney's fees, interest, and costs issues in the bankruptcy proceeding. Thus, these issues are not subject to collateral estoppel in state court. *See Johnson & Higgins of Texas, Inc.,* 962 S.W.2d at 521.

Therefore, we conclude that the court of appeals erred in reversing the trial court's judgment for Quinney based on collateral estoppel. Without hearing oral argument, we reverse the court of appeals' judgment that Quinney was collaterally estopped from relitigating the contract action. We remand the case to the court of appeals to consider Kondos and Snyder's additional points of er-

ror. *See* TEX.R.APP. P. 60.2(d); *First Baptist Church v. Bexar County Appraisal Review Bd.,* 833 S.W.2d 108, 111 (Tex.1992).