In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-01-00745-CV
____________

EDWARD A. SMITH, JR., Appellant

V.

NATIONAL ADVERTISING CO., Appellee




On Appeal from the 281st District Court 
Harris County, Texas
Trial Court Cause No. 97-43577 




MEMORANDUM OPINION
          In this billboard-lease dispute, Edward A. Smith, Jr. appeals a summary
judgment in favor of National Advertising Co. (National). In two points of error,
Smith contends that the trial court erred in granting National’s motion for summary
judgment based on the affirmative defense of collateral estoppel. Additionally, Smith
requests a judicial declaration that he owns the billboard in dispute. We affirm the
summary judgment in part, reverse it in part, remand the cause, and deny Smith’s
request for declaratory relief.
Factual and Procedural Background
          National entered into a lease of a lot owned by Smith for the purpose of
erecting and maintaining a billboard. The relevant paragraphs of the lease agreement
provide, in part:
7.       [Smith] may terminate this lease if [National] is in default . . . and
fails to cure . . . within thirty (30) days after being given written
notice thereof . . . .
 
8.       Subject only to conditions imposed in this lease , . . . [National]
shall remain owner of all advertising signs, structures, and
improvements erected or made by [National], and that,
notwithstanding the fact that the same constitute real estate
fixtures, [National] shall have the right to remove said signs,
structures, and improvements at any time during the term of the
lease.
 
11.     In the event of default, [National] shall remove the [billboard]
within sixty (60) days of receipt of written notice of default . . . 
In the event [National] shall fail to remove [its billboard] within
the stated sixty (60) day period, . . . ownership and title to the
[billboard] shall vest in [Smith].
 
18.     [Smith] . . . may terminate this lease on sixty (60) days written
notice . . . and the payment . . . of thirty-five thousand dollars
($35,000). 

On April 11, 1997, “pursuant to paragraph 18 of [the] . . . lease,” Smith sent National
a letter that gave notice of termination of the lease and enclosed a check for the
$35,000 termination fee. Smith also alleged in his letter that National had breached
the lease by failing to pay the full rental amounts. 
A.      The First Lawsuit
          On August 20, 1997, Smith filed this lawsuit in the 61st District Court of Harris
County. Smith alleged that (1) National defaulted under the lease, (2) he terminated
the lease on April 11, 1997, and (3) the sign became his property within 60 days of
April 11, 1997. National did not file an answer in response to Smith’s lawsuit, and
the trial court entered a default judgment against National. Thereafter, National
perfected a restricted appeal to this Court, and we reversed the judgment and
remanded the case.


 
B.      The Second Lawsuit
          While the first lawsuit was pending appeal in our Court, Smith filed a second
lawsuit (cause no. 98-13430) in the 270th District Court of Harris County against
National’s parent corporation, Outdoor Systems, Inc. Smith alleged that Outdoor
Systems had tortiously interfered with a lease contract between himself and Eller
Media Co. Smith sought (1) damages resulting from Outdoor Systems’s tortious
intereference with a contract, (2) damages resulting from Outdoor Systems’s
“conversion” of the billboard, and (3) a declaratory judgment of his rights to the
billboard. 
          The 270th District Court abated cause no. 98-13430 pending our disposition
in the first lawsuit. After we reversed the judgment and remanded the case in the first
lawsuit, the 270th District Court lifted the abatement. National then intervened in the
270th District Court and sought a declaratory judgment that it owned the sign. Both
Smith’s and National’s claims were tried to a jury.
          The jury in the second lawsuit found against Smith on all of his claims. 
Specifically, the jury answered the following three questions:
1)      Do you find from a preponderance of the evidence that Defendant
Outdoor Systems, Inc. intentionally interfered with the contract
between Plaintiff Edward A. Smith, Jr. and Eller Media Company,
if any?
 
          Answer: No.
 
5)      Do you find that, as of April 11, 1997, National Advertising
Company was in default of the Lease Agreement entered into
between National Advertising Company and Edward A. Smith,
Jr.? 
 
          Answer: No.
 
9)      Did National Advertising Company fail to remove the Billboard
Structure within a reasonable time following termination of the
Lease Agreement?
 
          Answer: No.

The 270th District Court entered judgment that Smith take nothing and declared that
National retained ownership of the billboard. 
          Smith appealed the judgment in the second lawsuit to the Fourteenth Court of
Appeals. Smith v. Outdoor Sys., Inc., No. 14-00-00474-CV (Tex. App.—Houston
[14th Dist.] Mar. 7, 2002, no pet.) (not designated for publication). On appeal, Smith
contended that the trial court erred in (1) entering judgment that National, rather than
Smith, owned the billboard in question because ownership of it allegedly vested in
Smith when National had failed to remove the billboard before the date of termination
of the lease and (2) refusing to submit a jury question concerning an alleged default
in January of 1998 by National. Id., slip op. at 1-2. The Fourteenth Court of Appeals
noted that the lease between National and Smith terminated no later than January of
1998. Id., slip. op. at 5 n.9. In affirming the judgment, the Fourteenth Court of
Appeals first held that the lease contract did not provide for forfeiture of the billboard
merely because National failed to remove it before the termination date. Id., slip op.
at 5. The Fourteenth Court of Appeals also held that the trial court did not err in
refusing to ask the jury whether National was in default of the lease as of January
1998 because, “as a matter of law, National could not have been in default of the
lease” at that time. Id., slip op. at 2 (Yates, J., concurring). The judgment in cause
no. 98-13430 was affirmed on March 9, 2002. 
   
C.      The First Lawsuit Revisited
          After we remanded the case in the first lawsuit to the 61st District Court, the
case was transferred to the 281st District Court. After the transfer, National filed a
traditional motion for summary judgment on the ground that the judgment in cause
no. 98-13430 collaterally estopped Smith from litigating his claims in the first
lawsuit.


 In response, Smith filed a cross-motion for summary judgment in which he
asked the trial court to declare that he owned the billboard. Additionally, Smith filed
an amended petition, in which he sought the following relief: 
(1)     breach-of-contract damages resulting from National’s alleged
failure to pay the full amount of rent due under the lease
agreement; 
 
(2)     breach-of-contract damages resulting from National’s alleged
failure to pay rents due from June 1, 1997 through December 31,
2000;
 
(3)     fraud damages resulting from National’s alleged practice of
packaging the billboard on Smith’s property with other less
desirable billboards in a fraudulent effort to deprive Smith of
monies due under the lease agreement; and
 
(4)     a declaratory judgment that Smith owned the billboard as of June
10, 1997 (the date the lease terminated) or, alternatively, as of
December 31, 2000 (the second possible termination date
according to Smith). 
 
          The 281st District Court conducted a hearing on National’s motion for
summary judgment on April 20, 2001. The court granted summary judgment against
Smith on all of his claims and entered final judgment on May 7, 2001. The present
appeal is from the May, 7 2001 judgment. 
Summary JudgmentA party moving for summary judgment has the burden of proving that there is
no genuine issue of material fact and that the movant is entitled to judgment as a
matter of law. Tex. R. Civ. P. 166a(c); Nixon v. Mr. Prop. Mgmt., 690 S.W.2d 546,
548 (Tex. 1985); Farah v. Mafrige & Kormanik, 927 S.W.2d 663, 670 (Tex.
App.—Houston [1st Dist.] 1996, no writ.). When deciding whether there is a
disputed material fact issue precluding summary judgment, evidence favorable to the
non-movant will be taken as true. Nixon, 690 S.W.2d at 548-49. Every reasonable
inference must be indulged in the non-movant’s favor. Id. As movant, the defendant
is entitled to summary judgment if the evidence disproves as a matter of law at least
one element of each of the plaintiff’s causes of action. Marchal v. Webb, 859 S.W.2d
408, 412 (Tex. App.—Houston [1st Dist.] 1993, writ denied). 
          When reviewing cross-motions for summary judgment, we consider both
motions and render the judgment that the trial court should have entered. Coastal
Liquids Transp., L.P. v. Harris County Appraisal Dist., 46 S.W.3d 880, 884 (Tex.
2001). It is reversible error to grant a motion for summary judgment on a cause of
action not addressed in the motion. Mafrige v. Ross, 866 S.W.2d 590, 591 (Tex.
1993). When reversible error of this kind occurs, we must remand the cause to the
trial court for consideration of those causes of action that were not addressed in the
motion for summary judgment. See Chessher v. Southwestern Bell Tel. Co., 658
S.W.2d 563, 563 (Tex. 1983); Smith v. Atlantic Richfield Co., 927 S.W.2d 85, 88
(Tex. App.—Houston [1st Dist.] 1996, writ denied). 
          In two points of error, Smith contends that the trial court erred in granting
National’s motion for summary judgment because (1) National did not prove the
elements of collateral estoppel and (2) the judgment disposed of claims not addressed
in National’s motion. 
Collateral Estoppel 
          Collateral estoppel, or issue preclusion, prevents a party from re-litigating a
particular fact issue that the party has already litigated and lost in an earlier suit. 
Quinney v. Elec., Inc. v. Kondos Entm’t, Inc., 988 S.W.2d 212, 213 (Tex. 1999). The
doctrine of collateral estoppel is designed to promote judicial efficiency, protect
parties from multiple lawsuits, and prevent inconsistent judgments by precluding re-litigation of the issues. Sysco Food Serv., Inc. v. Trapnell, 890 S.W.2d 796, 801
(Tex. 1994). A party seeking to assert the bar of collateral estoppel must establish
that (1) the facts sought to be litigated in the present action were fully and fairly
litigated in a previous action, (2) those facts were essential to the judgment in the
previous action, and (3) the parties were cast as adversaries in the previous action. 
Id. 
A.      Termination of the Lease Agreement
          At issue in this appeal is whether it was established in cause no. 98-13430 that
the lease agreement terminated no later than January of 1998. Smith contends that
it was not and now asserts that the lease may have terminated on December 31, 2000. 
National contends that the issue was litigated in cause no. 98-13430, in which it was
established that the lease terminated no later than January of 1998. 
          In his petition in cause no. 98-13430, Smith alleged, among other things, that
“[Smith] terminated the lease entered into between himself and National Advertising
Company on April 11, 1997, when he gave notice as required . . . of his intent to
terminate the lease.” National countered by alleging that the lease terminated in
January of 1998, the date that, according to National, Smith stopped accepting rent
payments under the lease agreement. The jury found that National did not fail to
remove the billboard from Smith’s property “within a reasonable time following
termination of the lease agreement.” Accordingly, the trial court entered judgment
that National owned the billboard and could remove it from Smith’s property. 
          On appeal, the Fourteenth Court of Appeals noted that “it is undisputed that the
lease agreement terminated by January of 1998 and that the billboard was not
removed by the time of trial.” Outdoor Sys., Inc., slip op. at 5 n.9. The issue before
the Fourteenth Court of Appeals was whether the lease agreement precluded National
from asserting billboard ownership following termination of the lease. The Court
held that it did not. 
          After reviewing these proceedings, we hold that the evidence in cause no. 98-13430 firmly established that the lease agreement terminated no later than January of
1998. Billboard ownership following termination of the lease agreement was
squarely in dispute and decided by the jury. Although Smith argues that the jury did
not decide the specific issue of termination, a proposition that is conclusively
established by the evidence, as was termination of the lease agreement in cause no.
98-13430, need not be submitted to the factfinder. See City of Brenham v.
Honerkamp, 950 S.W.2d 760, 769 (Tex. App.—Austin 1997, writ denied). 
Furthermore, because the question submitted to the jury presupposed termination by
asking whether National had failed to remove the billboard following termination of
the lease agreement, it is reasonable to conclude that the trial court as well as the jury
accepted termination of the lease agreement as a conclusively established fact in
cause no. 98-13430. 
          Smith has consistently maintained that the lease agreement terminated on June
10, 1997. Under either party’s interpretation, the lease agreement could have
terminated no later than January of 1998. This fact was essential to the jury’s finding
that National owned the billboard following termination of the lease. We hold that
the proceedings in cause no. 98-13430 conclusively established that the lease
agreement terminated no later than January of 1998. 
B.      Smith’s Declaratory Judgment Claims
          Because it was established in cause no. 98-13430 that the lease agreement
terminated no later than January of 1998, Smith’s “new” declaratory judgment claims
were no more than restatements of the previously litigated claims in cause no. 98-13430. Smith is, therefore, collaterally estopped from bringing them in this lawsuit.
          In his appeal in cause no. 98-13430, Smith argued that, because National did
not remove the billboard before termination, ownership of the sign vested in Smith. 
Outdoor Sys., Inc., slip op. at 1-2. In rejecting this argument, the Fourteenth Court
of Appeals held:
. . . [T]he lease expressly provides for a forfeiture of the billboard only
following an uncured default by National and written notification by
Smith. Smith’s interpretation of paragraphs 8 and 18 as essentially
providing a forfeiture upon termination is not plainly set forth in the
lease but must be deduced from provisions that facially do not even
mention forfeiture or, in the case of paragraph 8, termination. We do not
believe that parties who reasonably intend to effect such a result would
do so in such a subtle manner, or that the law allows forfeiture to be
exacted from contractual language in which it has been so completely
disguised, particularly where circumstances that do result in forfeiture
have been clearly stated elsewhere in the lease. 

          It is apparent that, because the lease terminated no later than January of 1998,
cause no. 98-13430 fully and fairly litigated the exact fact issues that Smith now
brings before us: whether, following termination of the lease, Smith obtained
ownership of the billboard. The doctrine of collateral estoppel was designed to
preclude this exact type of re-litigation. Sysco Food Serv., Inc., 890 S.W.2d at 801. 
We hold that the trial court did not err in granting summary judgment against Smith
on his declaratory judgment claims.


 In addition, because we affirm the summary
judgment rendered against Smith on these claims, Smith’s request for a judicial
declaration that he owns the billboard is denied. 
C.      Smith’s Breach-of-Contract Claims
          Smith also alleged in this lawsuit that National breached the lease agreement
by (1) failing to pay the full amount of rent due under the lease and (2) failing to pay
rents due from June 1, 1997 through December 31, 2000. The jury in cause no. 98-13430 found that National had not defaulted under the lease as of April 11, 1997. 
Smith argues that, because the jury in cause no. 98-13430 did not decide whether
National had defaulted under the lease after April 11, 1997, he is not collaterally
estopped from pursuing his contract claims. 
          Again, because it was determined in cause no. 98-13430 that the lease
agreement terminated no later than January of 1998, Smith is collaterally estopped
from pursuing his breach-of-contract claims. The Fourteenth Court of Appeals held
that National could not have been in default of the lease as of January 1998. See
Outdoor Sys., Inc., slip op. at 5.


 This is so because either (1) Smith is correct in his
assertion that the lease terminated on June 10, 1997, in which case National did not
owe rent beyond that date, or (2) National continued to pay and Smith continued to
accept rent through January of 1998, in which case termination was postponed for
that period. In either event, the lease terminated the first moment that National did
not pay or Smith did not accept rent payments after the June 10 termination date. 
Smith’s breach-of-contract claims necessarily fail because National cannot default on
a terminated lease. 
          We decline to disagree with our sister court’s holding that National was not in
default under the lease agreement as of January 1998. Accordingly, we hold that
Smith is collaterally estopped from litigating his breach-of-contract claims because
the relevant facts were fully and fairly litigated in cause no. 98-13430. The trial court
did not err in granting summary judgment against Smith on his breach-of-contract
claims. 
D.      Smith’s Fraud Claim
          Finally, after National filed its motion for summary judgment in this lawsuit,
Smith amended his petition to include a claim for fraud. Smith alleged that National
intentionally rented the billboard for an amount lower than its fair market value in an
attempt to entice advertisers to lease groups of less desirable billboards in a package
with the one on Smith’s property. Smith contends that he suffered substantial losses
because of this fraudulent practice.


 
          A plaintiff must prove the following elements in order to succeed on a fraud
claim: (1) that a material representation was made; (2) that the representation was
false; (3) that the speaker knew that the representation was false when he made it or
made it recklessly without any knowledge of the truth and as a positive assertion; (4)
that the speaker made the representation with the intent that the other party should act
upon it; (5) that the party acted in reliance on the representation; and (6) that the party
suffered injury. In re Firstmerit Bank, N.A., 52 S.W.3d 749, 758 (Tex. 2001). 
          Although National argues that Smith’s fraud claim is merely a “relabeling” of
his breach-of-contract claims, we disagree. By alleging fraud, Smith did not contend
that the terms of the lease agreement were not met or that National somehow
defaulted under the lease. Rather, Smith contended that National engaged in a
fraudulent practice that systematically lowered the value of the lease. This claim is
a new claim that was not litigated in cause no. 98-13430. 
          Because we do not believe that a fact issue that could have negated an element
of Smith’s fraud claim was fully and fairly litigated in cause no. 98-13430, we hold
that the trial court erred in granting summary judgment against Smith on this claim. 
 Conclusion
          We affirm the trial court’s summary judgment rendered against Smith on his
declaratory judgment and breach-of-contract claims, we reverse the summary
judgment rendered against Smith on his fraud claim, we remand the cause, and we
deny Smith’s request for declaratory relief. 
 


 

 




     Elsa Alcala
     Justice

Panel consists of Justices Hedges, Alcala, and Higley.