In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-99-606 CV


____________________



PAUL E. NUNU, Appellant



V.



DEL LAGO ESTATES PROPERTY OWNERS ASSOCIATION, Appellee






On Appeal from the 284th District Court


Montgomery County, Texas


Trial Cause No. 90-10-03568-CV






MEMORANDUM OPINION



 Paul E. Nunu ("Nunu") appeals the trial court judgment awarding Del Lago Estate
Property Owners Association ("Del Lago") damages and attorney's fees for his violation
of restrictive covenants. Del Lago filed suit in 1989 against Nunu to enforce the restrictive
covenants of the Del Lago Estates Subdivision. Nunu, an attorney who owned property
in the subdivision, had placed a mobile home and related structures on his property in
violation of the restrictions. Del Lago sought declaratory relief that the restrictions were
valid, and sought to enjoin Nunu's continuing violation of the restrictions. Del Lago also
requested unpaid maintenance dues, damages and attorney's fees as authorized by the
Property Code. The district court found the restrictions valid. On September 12, 1990,
the trial court severed Del Lago's claim for attorney's fees and damages from the main
cause. The judgment declaring the restrictions valid was affirmed by this Court in Nunu
v. Del Lago Estates Property Owners Ass'n, No. 09-90-201-CV (Tex. App.--Beaumont
1992, writ denied) (not designated for publication).

 Del Lago obtained a permanent injunction against Nunu's continued violation of the
restrictive covenants. Nunu was found in contempt of court for failure to comply with the
trial court's order, and was ordered confined. He filed a habeas corpus petition with the
Texas Supreme Court. The Court struck a reimbursement condition in the contempt order,
but otherwise denied his petition and remanded him to the custody of the sheriff. See In
Re Nunu, 960 S.W.2d 649 (Tex. 1997). Nunu eventually obeyed the trial court's order
and was discharged from contempt. 

 Nunu raises the defenses of res judicata and collateral estoppel. His argument is
that the claims and issues here were actually litigated in the declaratory, injunctive, and
contempt litigation, the relief was explicitly or impliedly denied, and Nunu was fully
discharged by court order. Nunu contends that Del Lago, having failed to appeal the
discharge from contempt, is precluded from further litigation of its claims for damages and
attorney fees. 

 Res judicata, or claim preclusion, prevents litigation of claims that have been finally
adjudicated, or that arise out of the same subject matter and that could have been litigated
in the prior action. See Barr v. Resolution Trust Corp., 837 S.W.2d 627, 631 (Tex.
1992). The elements of res judicata are as follows: a prior, final judgment on the merits
by a court of competent jurisdiction; an identity of parties or those in privity with them;
and a second action based on the same claims that were raised or could have been raised
in the first action. See Amstadt v. U.S. Brass Corp., 919 S.W.2d 644, 652 (Tex. 1996). 
 Collateral estoppel, or issue preclusion, prevents a party from relitigating a
particular fact issue the party litigated and lost in an earlier suit. See Quinney Electric,
Inc. v. Kondos Entertainment, Inc., 988 S.W.2d 212, 213 (Tex. 1999). Collateral estoppel 
promotes judicial efficiency, protects parties from multiple lawsuits, and prevents
inconsistent judgments. Sysco Food Servs., Inc. v. Trapnell, 890 S.W.2d 796, 801 (Tex.
1994). Generally, the doctrine "applies when the issue was fully and fairly litigated in the
previous action and was essential to the judgment in the previous action." Quinney
Electric, Inc., 988 S.W.2d at 213. 

 The question presented is whether the claims for damages and attorney's fees were
litigated or could have been litigated in the prior proceedings. In support of his argument
that these issues were previously litigated, Nunu points to the following:

 1. During the show cause hearing in the contempt proceeding Del Lago's counsel
asked that costs, attorney's fees and damages be imposed; 

 2. In Del Lago's response to Nunu's motion for summary judgment in this case,
Del Lago asserted: "The Association also sought the recovery of its attorney's fees solely
in connection with its efforts to enforce the July 23, 1990, Summary Judgment"; and

 3. In Del Lago's response to Nunu's motion for summary judgment in this case,
Del Lago states:

 The Association agrees that the fact issue of whether Nunu complied with the
Restrictive Covenants following the entry of the Summary Judgment and the
Order of Contempt was fully and fairly litigated in the contempt proceedings. 
Nunu was clearly found to have violated the Restrictive Covenants, and,
therefore, the Summary Judgment and Order of Contempt, and this issue
cannot be re-litigated.


Nunu argues that his discharge from contempt bars Del Lago's recovery of damages and
attorneys' fees here. 

 While a civil contempt proceeding is auxiliary to the main cause in that it proceeds
out of the original action, it is essentially an independent proceeding involving new issues. 
Contempt orders cannot be appealed; they are reviewed by petition for writ of habeas
corpus in cases of confinement, or by petition for writ of mandamus where no confinement
is involved. See Cadle Co. v. Lobingier, 50 S.W.3d 662, 671 (Tex. App.--Fort Worth
2001, pet. denied). 

 The purpose of the contempt proceeding here was to enforce the trial court's orders,
not to litigate the substantive right of Del Lago to collect assessments, monetary damages
and attorney's fees as prayed for in the severed case. The order of discharge from
contempt established that Nunu had purged himself from the contempt and was entitled to
have the court's contempt order vacated. The trial court did not make any other orders
affecting the substantive rights of the parties. The damage and attorney's fee claims had
been severed into a separate cause number. 

 In the contempt proceeding, a separate claim was made by Del Lago for attorney's
fees and costs incurred "in connection herewith." In a civil contempt action occasioned
by a willful disobedience of a court order, an award of attorney's fees may be authorized
as part of the fine to be levied on the defendant. See Fleischmann Distilling Corp. v.
Maier Brewing Co., 386 U.S. 714, 718, 18 L.Ed.2d 475, 87 S.Ct. 1404 (1967). No
award of attorney's fees was made in the contempt action. However, no claim was made
in that proceeding for statutory attorney's fees as authorized by section 5.006 of the
Property Code. See Gorman v. Countrywood Property Owners Ass'n, 1 S.W.3d 915, 918
(Tex. App.--Beaumont 1999, pet. denied). Del Lago made that claim in the original
action, but that claim was severed by the trial court into this cause. The claim formed the
basis of the trial court's award in this case, but the pleading was not a part of the contempt
proceedings. Further, in the contempt proceedings, no evidence was introduced for the
purpose of quantifying any claim for attorney's fees or damages, and nothing indicates the
claims asserted here were tried by consent in the contempt action. Compare Dickerson v.
DeBarbieris, 964 S.W.2d 680, 688-89 (Tex. App.--Houston [14th Dist.] 1998, no pet.). 
 The Texas Supreme Court has stated that res judicata does not preclude litigation
of claims that a trial court explicitly severs from an action. See Van Dyke v. Boswell,
O'Toole, Davis & Pickering, 697 S.W.2d 381, 384 (Tex. 1985). See also Inman v.
O'Donnell, 722 S.W.2d 16, 18 (Tex. App.--Dallas 1986, no writ). In Van Dyke v.
Boswell, the Court held that actual litigation of an issue occurs when an issue is properly
raised by pleadings or otherwise, is submitted for determination, and is determined. Van
Dyke, 697 S.W.2d at 384. We conclude the severed claims are not barred by res judicata
or collateral estoppel. Nunu asserts no other grounds attacking the judgment of the trial
court. 

 Appellee has moved this Court to take judicial notice of the court records in other
proceedings. The request for judicial notice is made in connection with Del Lago's
motions to dismiss and for sanctions. Appellant opposes the motion but does not challenge
the accuracy of the records. We grant the judicial notice request. 

 Appellee's motion to dismiss is based on the pendency of appellant's bankruptcy
petition at the time the notice of appeal was filed here. But the automatic stay was lifted
by the bankruptcy court to permit the litigation and the appeal of this case in state court. 
Appellee also asks this Court to sanction appellant pursuant to Rule 45 of the Texas Rules
of Appellate Procedure for bringing a frivolous appeal. Although we have discretion to
award damages for a frivolous appeal, and although we have found Nunu's issues
unconvincing, we decline to impose sanctions at this time because the circumstances are
not sufficiently egregious. See Angelou v. African Overseas Union, 33 S.W.3d 269, 282
(Tex. App.--Houston [14th Dist.] 2000, no pet.). Appellee's motions to dismiss and for
sanctions are denied.

 The judgment of the trial court is affirmed.

 AFFIRMED. 

 PER CURIAM

 

Submitted on March 21, 2003

Opinion Delivered April 10, 2003


Before McKeithen, C.J., Burgess and Gaultney, JJ.