Affirmed; Opinion of August 27, 2002, Withdrawn; and Opinion on
Rehearing and Concurring and Dissenting Opinions on Rehearing 









Affirmed; Opinion of August 27, 2002, Withdrawn; and
Opinion on Rehearing and Concurring and Dissenting Opinions on Rehearing filed
April 24, 2003.

 




 
 
 
  
 
 
 




In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-00-00765-CV

____________

 

TANOX, INC. f/k/a TANOX BIOSYSTEMS,
INC., Appellant

 

V.

 

AKIN, GUMP, STRAUSS, HAUER &
FELD, L.L.P., ROBINSON LAW FIRM, WILLIAMS, BIRNBERG & ANDERSEN, L.L.P.,
MICHAEL J. MADIGAN, MICHAEL J. MUELLER, KENNETH M. ROBINSON, and

GERALD M. BIRNBERG, Appellees

 



 

On Appeal from the 11th District Court

Harris County, Texas

Trial Court Cause No. 97-55960

 



 

C O N C U R R I N G   O P I N I O N   O N  
R E H E A R I N G

We fully concur in the court=s judgment and join the Majority
Opinion in its disposition of all issues except this one.  This is the opinion of the court as to this
issue.  








                        I. 
Summary Judgment for Individual Lawyers

Tanox claims the trial court erred in granting summary
judgment in favor of the Individual Lawyers on the affirmative defenses of res
judicata and collateral estoppel.[1]  To prevail on a motion for summary judgment,
the defendant must establish that no material fact issue exists and it is
entitled to judgment as a matter of law. 
Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 222 (Tex.
1999).  If the defendant moves for
summary judgment on an affirmative defense, it has the burden to prove
conclusively all the elements of the affirmative defense.  KPMG Peat Marwick v. Harrison County Hous.
Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999); Velsicol Chem. Corp. v.
Winograd, 956 S.W.2d 529, 530 (Tex. 1997). 

Res judicata, or claims preclusion, precludes the
relitigation of claims that have been finally adjudicated, as well as related
matters that should have been litigated in the prior suit.  State & County Mut. Fire Ins. Co. v.
Miller, 52 S.W.3d 693, 696 (Tex. 2001). 
Texas follows the transactional approach.  Barr v. Resolution Trust Corp., 837
S.W.2d 627, 631 (Tex. 1992).  Under that
approach, a subsequent suit is barred if it arises out of the same subject
matter of the prior suit and which through diligence could have been litigated
in the prior suit.  Id.  The elements of res judicata are:  (1) a prior final judgment on the merits by a
court of competent jurisdiction; (2) identity of parties or those in privity
with them; and (3) a second action based on the same claims as were raised or
could have been raised in the first action. 
Amstadt v. U.S. Brass Corp., 919 S.W.2d 644, 652 (Tex.
1996).  








Collateral estoppel prevents a party from relitigating an
issue that it previously litigated and lost. 
Quinney Elec., Inc. v. Kondos Entertainment, Inc., 988 S.W.2d
212, 213 (Tex. 1999) (per curiam).  It
generally applies when the issue was fully and fairly litigated in the previous
action and was essential to the judgment in the previous action.  Id. 
The elements of collateral estoppel are: 
(1) the facts sought to be litigated in the second action were fully and
fairly litigated in the prior action; (2) those facts were essential to the
judgment in the first action; and (3) the parties were cast as adversaries in
the first action.  Eagle Properties,
Ltd. v. Scharbauer, 807 S.W.2d 714, 721 (Tex. 1990).  The issue decided in the prior action must be
identical to the issue in the pending action. 
State & County Mut. Fire Ins. Co., 52 S.W.3d at 696.  Collateral estoppel further requires a final
judgment.  Frost Nat=l Bank v. Burge, 29 S.W.3d 580, 595 (Tex. App.CHouston [14th Dist.] 2000, no pet.); Starnes
v. Holloway, 779 S.W.2d 86, 93 (Tex. App.CDallas 1989, writ denied). 

Tanox contends res judicata and collateral estoppel are
inapplicable because there was no final judgment.  On motion for rehearing, the Individual
Lawyers urge us to reconsider our initial conclusion that res judicata and
collateral estoppel did not apply to the summary judgment hearing.  They argue that the arbitration award in
favor of the law firms does have a preclusive effect as to them because it has
the same effect as a judgment of a court of last resort. 

As we noted in our original opinion on February 16, 2000, the
trial court entered an amended interlocutory judgment granting the motion and
application to confirm the arbitration award, denying the motion to vacate the
award, and ordering that Tanox take nothing on its claims against the law
firms.  On March 28, 2000, the trial
court granted summary judgment in favor of the Individual Lawyers and entered a
final judgment.  

While we acknowledge that it is a close issue, we believe the
weight of authority suggests that an arbitration award has preclusive effect
even though an appeal of the award is pending. 
As discussed below, courts have concluded this because an arbitration
award has the same effect as a final judgment; in fact, courts have held that
an arbitration award can have preclusive effect, even though it is not
confirmed and a judgment is not entered.








In Scurlock Oil Co. v. Smithwick, the Texas Supreme
Court held that, with an exception not applicable here, a trial court=s judgment is final for purposes of
res judicata and collateral estoppel despite a pending appeal.  See 724 S.W.2d 1, 6 (Tex. 1986).[2]  In addition, our courts have recognized that
an arbitration award has the same effect as the judgment of a court of last
resort.  Anzilotti v. Gene D. Liggin,
Inc., 899 S.W.2d 264, 266 (Tex. App.CHouston [14th Dist.] 1995, no writ); J.J.
Gregory Gourmet Services, Inc. v. Antone=s Import Co., 927 S.W.2d 31 (Tex. App.CHouston [1st Dist.] 1995, writ
denied); City of Baytown v. C.L. Winter, Inc., 886 S.W.2d 515, 518 (Tex.
App._Houston [1st Dist.] 1994, writ
denied); Albert v. Albert, (Tex. Civ. App.CSan Antonio 1965, writ ref=d n.r.e.); see also Restatement (Second) of Judgments, ' 84 (an arbitration award “has the
same effects under the rules of res judicata … as a judgment of a court”).  If an arbitration award is the equivalent of
a judgment of a court, then, based on Scurlock, an arbitration award,
like a judgment, should be given preclusive effect even though an appeal is
pending.

In our original opinion we recognized the general principle
that arbitration awards can have preclusive effect in subsequent
litigation.  See, e.g., Milliken v.
Grigson, 986 F. Supp. 426, 431 (S.D. Tex. 1997), aff’d,
158 F.3d 583 (5th Cir. 1998); Drago Daic, Tr. v. Nauru Phosphate Royalties
(Tex.), Inc., 27 S.W.3d 695, 701 (Tex. App.CBeaumont 2000, pet. denied).  Moreover, several federal courts have held
that confirmation of an arbitration award and the entry of a judgment may not
be required to render an award final for purposes of res judicata and
collateral estoppel.  See, e.g., Jacobson
v. Firemen’s Fund Ins. Co., 111 F.3d 261, 267B68 (2d Cir. 1997) (holding that res
judicata and collateral estoppel apply to issues resolved by arbitration when
there has been a final determination on the merits, notwithstanding a lack of
confirmation of the award); see also Pryner v. Tractor Supply Co., 109
F.3d 354, 361 (7th Cir. 1997) (recognizing that an arbitration award, whether
or not confirmed, can be pleaded as res judicata).  








Here, the trial court confirmed the arbitration award and
denied Tanox=s motion to vacate.  The trial court also granted the Individual
Lawyers summary judgment against Tanox based on the preclusive effect of the
arbitration award.  Tanox appealed.  Because the arbitration award was tantamount
to a judgment, it did not lose its preclusive effect during appeal.  

As for the argument that the arbitration award did not have
preclusive effect because the award was not being used in a subsequent
proceeding that was separate from the proceeding in which the arbitration
occurred, we agree with the argument the Individual Lawyers present in their
motion for rehearing:  the arbitration
proceeding was a Aseparate proceeding@ unto itself.  Tanox=s motion to vacate filed in the trial
court was, in essence, an appeal of that final award, and the claims against
the Individual LawyersCheard in conjunction with the motion to vacate and not a part
of the arbitration proceedingsCwere a completely separate proceeding from the arbitration
proceeding.  So, technically, the award
was being applied to a subsequent, separate hearing.[3]  

For these reasons, we grant the
Individual Lawyers= rehearing on this issue and affirm the summary
judgment the trial court entered in their favor.

 

 

 

/s/        Wanda McKee Fowler

Justice

 

 

 

Judgment rendered and Opinions on Rehearing and
Concurring and Dissenting Opinions on Rehearing filed April 24, 2003.

 

Panel consists of Justices Hudson, Fowler, and
Edelman.  (Fowler, J., concurring on
rehearing on Part VIII, joined by Edelman, J.) 
(Hudson, J., dissenting to rehearing of Part VIII).











[1]  As noted in
the majority opinion (see footnote 1 supra), the Individual Lawyers are
Michael J. Madigan, Michael J. Mueller, Kenneth M. Robinson, and Gerald M.
Birnberg.





[2]  The Court
noted an exception to the rule when Awhat is
called an appeal actually consists of a trial de novo.@  724 S.W.2d at
6.





[3]  Although this
additional argument is useful in this case to illuminate how separate the
arbitration proceeding and the claims against the Individual Lawyers were, if
an arbitration award is final when entered, this additional separation is
probably not necessary because the motion to vacate is itself a separate,
subsequent proceeding from the arbitration proceeding.