Opinion Issued January 12, 2006

















In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00762-CV




TRUST INVESTMENT GROUP MORTGAGE DIVISION, INC., Appellant

V.

ALIEF INDEPENDENT SCHOOL DISTRICT; FIRST CAPITAL
INTEREST, L.L.C.; TRUST INVESTMENT GROUP, S.A.; ANGELES
GONZALEZ, Appellees




On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause No. 2003-06046




MEMORANDUM OPINION
          This is an appeal from a summary judgment rendered in favor of appellees,
Alief Independent School District (“Alief”), First Capital Interest, L.L.C. (“First
Capital”), Trust Investment Group, S.A. (“Trust S.A.”) and Angeles Gonzalez. 
Appellants, Trust Investment Group Mortgage Division, Inc. (“Trust Mortgage”),
filed a trespass to try title action asserting ownership to a piece of property sold as the
result of a previous tax foreclosure suit.


 Trust S.A. filed a no-evidence motion for
summary judgment, and Gonzalez filed a traditional motion for summary judgment. 
Each asserted that Trust Mortgage was collaterally estopped from relitigating the
ownership of the property and that the statute of limitations bars Trust Mortgage from
challenging the validity of the tax sale. The trial court granted both summary
judgment motions. We affirm.
PREVIOUS TAX FORECLOSURE SUIT
          On April 18, 1998, Sam Hoang Nguyen sold and conveyed by warranty deed
to “Trust Investment Group, Inc.” property located on Rolke Road in Harris County,
Texas (“Rolke Road property”). In February 2001, Alief and other taxing authorities
brought suit to recover delinquent taxes levied against the Rolke Road property. 
Alief served process on Trust S.A., a foreign corporation. Trust S.A. defaulted, and
the trial court entered a default judgment directing foreclosure of the property to pay
the delinquent taxes. At the foreclosure sale, First Capital purchased the property for
$35,000.00, and the deed was executed and filed of record on November 29, 2001. 
After the delinquent taxes were paid, the excess sale proceeds were placed in the
registry of the court.
          In May 2002, Trust S.A. exercised its redemption rights and redeemed the
property from First Capital. Having exercised its right of redemption, Trust S.A. filed
a motion in September 2002 to recover the excess sale proceeds from the foreclosure
sale. Before the trial court ruled on this motion, Trust S.A. sold the Rolke Road
property to appellee Angeles Gonzalez on November 10, 2002. On November 15,
2002, counsel for Trust Mortgage filed a notice of rehearing to determine the
entitlement to the excess sale proceeds, and on June 25, 2003, the trial court
determined the excess sale proceeds should be distributed to Trust S.A. 
TRESPASS TO TRY TITLE SUIT
          Before the trial court in the tax foreclosure suit ordered the proceeds to be paid
to Trust S.A., Trust Mortgage filed this trespass to title action on February 5, 2003,
in the same court with a different cause number. In 2004, after the trial court in the
tax foreclosure suit ordered the proceeds to be paid to Trust S.A., Trust S.A. and
Gonzalez filed their motions for summary judgment asserting that Trust Mortgage is
estopped from relitigating the issue of ownership of the property and that Trust
Mortgage is barred by the statute of limitations found within Section 33.54 of the Tax
Code. In June 2004, the trial court signed an order granting each motion. 
          On appeal, Trust Mortgage claims ownership of the Rolke Road property. 
Trust Mortgage contends that Nguyen incorrectly inserted “Trust Investment Group,
Inc.” as the grantee of the 1998 warranty deed instead of “Trust Investment Group
Mortgage Division, Inc.” Trust Mortgage asserts that, because it is the true owner
and was not served with process, the constable’s deed from the tax foreclosure suit
is void.


 It also asserts that the statute of limitations does not apply in this case, and
that the trial court erred in striking Trust Mortgage’s summary judgment evidence. 
Trust Mortgage, however, does not address Trust S.A.’s and Gonzalez’s collateral
estoppel argument.
SUMMARY JUDGMENT
          A party moving for a traditional summary judgment has the burden of proving
that there is no genuine issue of material fact and that the movant is entitled to
judgment as a matter of law. Tex. R. Civ. P. 166a(c); Nixon v. Mr. Prop. Mgmt. Co.,
690 S.W.2d 546, 548 (Tex. 1985); Farah v. Mafrige & Kormanik, P.C., 927 S.W.2d
663, 670 (Tex. App.—Houston [1st Dist.] 1996, no writ). When deciding whether
there is a disputed material fact issue precluding summary judgment, evidence
favorable to the non-movant will be taken as true. Nixon, 690 S.W.2d. at 548-49. 
Every reasonable inference must be indulged in favor of the non-movant and any
doubts resolved in its favor. Id. at 549.
          In a no-evidence motion for summary judgment, the movant must specifically
state the elements as to which there is no evidence. Tex. R. Civ. P. 166a(i). The
burden then shifts to the non-movant to produce evidence that raises a fact issue on
the challenged elements. See id. When reviewing the grant of a no-evidence
summary judgment, we assume all evidence favorable to the non-movant is true and
indulge every reasonable inference and resolve all doubts in favor of the non-movant. 
Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp., 994 S.W.2d 830,
834 (Tex. App.—Houston [1st Dist.] 1999, no pet.). A no-evidence summary
judgment may not be properly granted if the non-movant brings forth more than a
scintilla of evidence to raise a genuine issue of material fact. Tex. R. Civ. P. 166a(i). 
“Less than a scintilla of evidence exists when the evidence is ‘so weak as to do no
more than create a mere surmise or suspicion’ of a fact.” King Ranch, Inc. v.
Chapman, 118 S.W.3d 742, 751 (Tex. 2003) (quoting Kindred v. Con/Chem. Inc., 650
S.W.2d 61, 63 (Tex. 1983)). More than a scintilla of evidence exists if it would allow
reasonable and fair minded people to differ in their conclusions. Id.
          A summary judgment that is granted generally, without specifying a reason,
will be upheld if any ground alleged in the summary judgment motion can be
sustained. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989); Mellon Serv. Co. v.
Touche Ross & Co., 17 S.W.3d 432, 435 (Tex. App.—Houston [1st Dist.] 2000, no
pet.). Here, the trial court gave no specific basis for its rendition of either summary
judgment motion.
COLLATERAL ESTOPPELA party asserting the bar of collateral estoppel must establish that (1) the facts
sought to be litigated in the present action were fully and fairly litigated in a previous
action, (2) those facts were essential to the judgment in the previous action, and (3)
the parties were cast as adversaries in the previous action. Sysco Food Serv., Inc. v.
Trapnell, 890 S.W.2d 796, 801 (Tex. 1994). Collateral estoppel, or issue preclusion,
prevents a party from relitigating a particular fact issue that the party has already
litigated and lost in an earlier suit. Quinney Elec., Inc. v. Kondos Entm’t, Inc., 988
S.W.2d 212, 213 (Tex. 1999). The doctrine of collateral estoppel is designed to
promote judicial efficiency, protect parties from multiple lawsuits, and prevent
inconsistent judgments by precluding relitigation of the issues. Trapnell, 890 S.W.2d
at 801.
          Trust S.A. and Gonzalez contend Trust Mortgage is collaterally estopped from
relitigating the ownership of the Rolke Road property. Trust S.A. and Gonzalez
assert that, in the tax foreclosure suit, when the trial court determined whether Trust
S.A. or Trust Mortgage had the right to the excess proceeds from the tax sale, the trial
court necessarily determined the ownership of the property. Trust Mortgage, in its
brief and reply brief, provides no argument or evidence to create a fact issue that
Trust Mortgage is not collaterally estopped from relitigating the ownership of the
Rolke Road property.
          Before this Court can determine the first element, whether the ownership of the
property was fully and fairly litigated during the excess sale proceeds hearing, we
must address whether the ownership of the Rolke Road property was essential to the
determination of the right to the excess sale proceeds, the second element of collateral
estoppel. See id. Section 34.04(c) of the Tax Code states that, at the hearing to
determine claims for excess proceeds from a tax sale, “the court shall order that the
proceeds be paid according to the following priorities to each party that establishes
its claim to the proceeds . . . (5) to each former owner of the property, as the interest
of each may appear.” Tex. Tax Code Ann. § 34.04(c) (Vernon Supp. 2005)
(emphasis added). Before the trial court could determine that Trust S.A. was entitled
to the excess sale proceeds, the trial court must have determined that Trust S.A. was
an owner of the Rolke Road property. See id. We conclude that the ownership of the
property was essential to the determination of the right to the excess sale proceeds.
          We next address whether the ownership of the property was fully and fairly
litigated during the tax foreclosure suit, the first element of collateral estoppel. See
Trapnell, 890 S.W.2d at 801. An issue is “actually litigated” when it is properly
raised, by the pleadings or otherwise, is submitted for determination, and is
determined. Van Dyke v. Boswell, O’Toole, Davis & Pickering, 697 S.W.2d 381, 384
(Tex. 1985) (citing Restatement (Second) of Judgments § 27 cmt. h (1982)). 
Trust Mortgage provides no contradictory argument or evidence in its brief or reply
brief that this issue was not fully and fairly litigated at the excess sale proceeds
hearing. Trust S.A. and Gonzalez provide the only argument and evidence that this
issue was fully and fairly litigated at the hearing. Thus, it is undisputed that the trial
court had a hearing to determine the ownership of the excess sale proceeds, that
counsel for Trust Mortgage argued that Trust Mortgage should receive the excess
proceeds, and that the trial court determined later that the excess sale proceeds should
be distributed to Trust S.A. We conclude the ownership of the Rolke Road property
was fully and fairly litigated at the excess sale proceeds hearing.
          Under the third element, we determine whether Trust S.A. and Trust Mortgage
were cast as adversaries. See Trapnell, 890 S.W.2d at 801. Because Trust Mortgage 
and Trust S.A. each asserted full rights to the excess sale proceeds, positions adverse
to each other, they were cast as adversaries. Thus, Trust Mortgage was collaterally
estopped from relitigating the ownership of the Rolke Road property.
          We conclude that there was no genuine issue created as to whether or not the
ownership of the Rolke Road property was previously determined during the hearing
regarding the ownership of the excess sale proceeds and that Trust Mortgage is
collaterally estopped from relitigating the issue of ownership of the Rolke Road
property. 
CONCLUSION
          Accordingly, we affirm the summary judgment granted in favor of appellees.
 
 
 
                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Bland.