**Opinion filed May 27, 2010**



In The

# Eleventh Court of Appeals

_____

## No. 11-08-00138-CV

_____

## CAPROCK INVESTMENT CORP., Appellant

## V.

## ELTON MONTGOMERY, Appellee

**On Appeal from the 32nd District Court**

**Nolan County, Texas**

**Trial Court Cause No. 16,785**

## O P I N I O N

This case involves a promissory note signed by Elton Montgomery and others no longer involved in the suit. The original petition in this case was filed in 1989, and this is the fourth appeal.[1] The note is owned by Caprock Investment Corp. In its sixth amended petition, Caprock alleged both fraud and breach of contract causes of action against Montgomery. Both parties

---

[1]*See Caprock Investment Corp. v. FDIC*, 17 S.W.3d 707 (Tex. App.—Eastland 2000, pet. denied) (*Caprock I*); *Montgomery First Corp. v. Caprock Investment Corp.*, 89 S.W.3d 179 (Tex. App.—Eastland 2002, no pet.) (*Caprock II*); and *Caprock Investment Corp. v. Montgomery First Corp.*, No. 02-04-00155-CV, 2005 WL 3118787 (Tex. App.—Fort Worth Nov. 23, 2005, no pet.) (mem. op.) (*Caprock III*), for more details regarding the parties and the history of this case.

moved for summary judgment.  The trial court granted Montgomery's motion, denied Caprock's motion, and entered a take-nothing summary judgment.  We reverse in part and affirm in part.

## I. *Issues*

Caprock presents two issues for review.  In these issues, Caprock argues that the trial court erred in granting Montgomery's motion for summary judgment and in denying Caprock's.  Montgomery moved for summary judgment on the bases that res judicata barred Caprock's claim for breach of the note, that collateral estoppel barred Caprock's claim for breach of the note, that the note had been satisfied by the bankruptcy of a cosigner (Al Jonietz),[2] and that there was no evidence to support various elements of Caprock's fraud claim.  The trial court granted Montgomery's motion in its entirety.  Caprock moved for summary judgment on its breach of contract cause of action for the amount due under the note and also on Montgomery's counterclaims.

We review summary judgments de novo.  *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).  When both sides move for summary judgment on the same issue and the trial court grants one motion and denies the other, the appellate court considers the summary judgment evidence presented by both sides, determines all questions presented, and may render the judgment the trial court should have rendered on that issue.  *Id.*  In this case, both parties moved for summary judgment on breach of contract claims.

## II. *Montgomery's Motion*

### A. *Promissory Note – Defenses.*

With respect to the affirmative defenses urged by Montgomery in his motion, Montgomery had the burden to establish his right to summary judgment by conclusively proving each element of any of the defenses as a matter of law.  *See* TEX. R. CIV. P. 166a(c); *Havlen v. McDougall*, 22 S.W.3d 343, 345 (Tex. 2000); *Rhône-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222-23 (Tex. 1999); *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996).  A defendant moving for summary judgment on an affirmative defense has the burden to conclusively establish that defense.  *Rhône-Poulenc*, 997 S.W.2d at 223.  On appeal, the movant bears the burden of

---

[2]We disagree with Montgomery's contention that Caprock waived this issue; Caprock addressed the issue in its brief in the argument regarding collateral estoppel.  Furthermore, any failure by Caprock to address the issue in its response to Montgomery's motion for summary judgment did not waive the issue because Montgomery had the burden to establish its defense as a matter of law.  A nonmovant has no burden to respond unless the movant conclusively establishes its cause of action or defense.  *Rhône-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222-23 (Tex. 1999).  A nonmovant need not have answered or responded to the motion in the trial court to contend on appeal that the movant's summary judgment proof is insufficient as a matter of law.  *Id.* at 223.

showing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Id.*

### 1. *Res Judicata.*

Res judicata bars the relitigation of claims that have been finally adjudicated or that could have been litigated in the prior action. Montgomery asserted in his motion that he was entitled to summary judgment because res judicata barred Caprock's suit on the note. Montgomery relied upon the judgments of the trial court and the court of appeals in *Caprock III*, a suit filed by Caprock against Montgomery First Corporation (MFC) in Young County, as the basis for his res judicata defense. To establish the defense of res judicata, Montgomery must have proven each of these elements: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action.[3] *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007); *Caprock II*, 89 S.W.3d at 185.

After this court's decision in *Caprock II* and while this case was pending on remand to the trial court in Nolan County, Caprock brought a separate suit against MFC in Young County, seeking judicial foreclosure on the deeds of trust, damages for breach of contract on the deeds of trust for failing to maintain the oil and gas properties, and the excess due under the note. Upon motion by Montgomery, the trial court in Nolan County abated the present case pending the final resolution of the Young County suit. The district court in the Young County suit entered a take-nothing summary judgment in favor of MFC against Caprock based upon MFC's defenses of res judicata, collateral estoppel, and satisfaction of the note via the Jonietz bankruptcy. The Fort Worth Court of Appeals in *Caprock III* affirmed the Young County summary judgment in favor of MFC on the ground of res judicata only: the same rationale used by this court to reverse the summary judgment against MFC in *Caprock II*.

In his motion for summary judgment in the present case, Montgomery relied upon the Young County summary judgment and the decision of the Fort Worth Court of Appeals in *Caprock III* as the basis for his entitlement to summary judgment based upon res judicata. With respect to the second element of res judicata, Montgomery does not contend that he was a party to the Young County suit, but he argues that he is a person in privity with a party because he is

---

[3]We note that Caprock does not challenge the first element or otherwise argue on appeal that the judgment from the Young County suit or the Fort Worth Court of Appeals in *Caprock III* is not a prior final judgment on the merits. Accordingly, we do not address that issue.

the president of MFC, shares an identity of interests in the lawsuits, and is the person who controlled the litigation in Young County. We cannot agree that Montgomery met his burden of establishing this element of res judicata as a matter of law.

There is no general definition of privity that can be automatically applied in all res judicata cases; the circumstances of each case must be examined. *Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 800 (Tex. 1992). Privity exists if the parties share an identity of interests in the basic legal right that is the subject of litigation. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 653 (Tex. 1996). Those in privity with a party may include persons who exert control over the action, persons whose interests are represented by the party, or successors in interest to the party. *Getty Oil*, 845 S.W.2d at 800-01.

The summary judgment evidence, the law of this case, and the prior assertions by Montgomery lead us to conclude that res judicata does not bar the claims against Montgomery. The summary judgment evidence establishes that MFC and others (but not Montgomery) acquired oil and gas leases with the money borrowed from Caprock's predecessor and that they executed deeds of trust to secure payment of the note. Montgomery signed the deeds of trust in his capacity as president of MFC. However, Montgomery signed the note in his individual capacity. Montgomery did not establish as a matter of law his privity with MFC because the summary judgment evidence indicates that their interests may not be identical in this litigation. *See Hammonds v. Holmes*, 559 S.W.2d 345, 347 (Tex. 1977) (res judicata did not bar action against employee of defendant in earlier suit where employee was sued in separate capacity in subsequent suit).

Moreover, this court previously held, upon the urging of Montgomery and MFC in *Caprock II*, that Caprock's claims against MFC were barred by res judicata based upon an earlier summary judgment in favor of MFC that constituted a final judgment because Caprock had not challenged that summary judgment with respect to MFC in *Caprock I*. 89 S.W.3d at 185-86. In *Caprock II*, the claims against Montgomery were thereby severed from those against MFC and were remanded to the trial court for further proceedings. 89 S.W.3d at 185-87. Having previously asserted such a position of separateness of MFC and Montgomery, which was relied upon by this court in *Caprock II*, Montgomery may not now assert in this case that he is actually in privity with MFC. *See Brown v. Lanier Worldwide, Inc.*, 124 S.W.3d 883, 905 (Tex. App.— Houston [14th Dist.] 2004, no pet.) (judicial estoppel may prevent a party from asserting

4

defenses of res judicata or collateral estoppel); *Goldman v. White Rose Distrib. Co.*, 936 S.W.2d 393, 398 (Tex. App.—Fort Worth 1996), *vacated pursuant to settlement agreement*, 949 S.W.2d 707 (Tex. 1997) (applying judicial estoppel as a trump to defense of res judicata); *see also Pleasant Glade Assembly of God v. Schubert*, 264 S.W.3d 1, 6 (Tex. 2008) (judicial estoppel, which is actually a rule of procedure based on justice and sound public policy, precludes a party from adopting a position inconsistent with one that it maintained successfully in an earlier proceeding); *Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 716 (Tex. 2003) (law of the case doctrine); *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986) (law of the case doctrine); *Long v. Knox*, 291 S.W.2d 292 (Tex. 1956) (judicial estoppel). Because Montgomery did not establish his affirmative defense of res judicata as a matter of law, the trial court erred in granting summary judgment in favor of Montgomery on that basis.

### 2. *Collateral Estoppel and Satisfaction.*

Montgomery also asserted the defense of collateral estoppel, based upon the Young County suit, in his motion for summary judgment. Collateral estoppel, or issue preclusion, bars the relitigation of an issue of fact or law that was actually litigated, was determined by a valid and final judgment, and was essential to the judgment. *Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 579 (Tex. 2001); *Eagle Props., Ltd. v. Scharbauer*, 807 S.W.2d 714, 721 (Tex. 1990). Collateral estoppel applies when the parties were adversaries in the prior action and the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit. *Petta*, 44 S.W.3d at 579; *Eagle Props.*, 807 S.W.2d at 721.

Montgomery argued in his summary judgment that collateral estoppel constituted a bar in this case because the issue regarding payment of the note was previously decided by the district court in Young County, which held that the note had been paid and satisfied by the Jonietz bankruptcy. Caprock argues on appeal that the only issue determined by a valid and final judgment with respect to the Young County suit is that of res judicata as addressed by the court of appeals. We agree.

The general rule is that there cannot be estoppel by alternative holdings. *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 522 (Tex. 1998). The supreme court has quoted with approval the following excerpt from the RESTATEMENT (SECOND) OF JUDGMENTS § 27, cmt. i (1982): "If a judgment of a court of first instance is based on determinations of two issues, either of which standing independently would be sufficient to

support the result, the judgment is not conclusive with respect to either issue standing alone." *Id.* at 522; *Eagle Props.*, 807 S.W.2d at 722. The district court in Young County made three separate and independent determinations that would support its judgment. Thus, the alternative holdings in the judgment of the district court in Young County are not conclusive for purposes of collateral estoppel.

Via the judgment of the Fort Worth Court of Appeals, the Young County suit became conclusive as to res judicata only. Comment "o" to Section 27 of the Restatement cited above provides in relevant part that, when the judgment of a trial court is based on a determination of two issues either of which would be independently sufficient to support the judgment and the appellate court upholds one of these determinations as sufficient and refuses to consider whether or not the other is sufficient and accordingly affirms the judgment, the judgment is conclusive only as to the first determination. The supreme court relied upon a different part of comment "o" for its ruling in *Kenneco*. 962 S.W.2d at 522 (alternative findings that are actually reviewed and affirmed by an appellate court may have preclusive effect). We hold that the judgments stemming from the Young County suit were not conclusive as to the issue regarding payment or satisfaction of the note by the Jonietz bankruptcy.

With respect to the collateral estoppel effect of the Jonietz bankruptcy on Caprock's claim against Montgomery, this court previously held in *Caprock I* that "the discharge of a debtor's obligation by operation of the Bankruptcy Code does not discharge or affect in any way a co-maker's liability on his obligation" and that "the issue in the bankruptcy court was the discharge of Jonietz' liability on the note, not that of his comakers." 17 S.W.3d at 712, 714. Our previous holding constitutes the law of this case, and there is nothing in the summary judgment evidence indicating that our previous ruling was erroneous. Caprock is not estopped by the Jonietz bankruptcy. *See Quinney Elec., Inc. v. Kondos Entm't, Inc.*, 988 S.W.2d 212 (Tex. 1999).[4] Neither the issue of the collateral's value nor the issue of satisfaction of the debt is barred by collateral estoppel in this suit against Montgomery to collect on the note. The trial court erred in granting Montgomery's summary judgment on the grounds of collateral estoppel and satisfaction.

---

[4]*See also* RESTATEMENT (SECOND) OF JUDGMENTS §§ 49, 50 (1982). Section 49 provides that a judgment against one person liable for a loss does not terminate a claim that the injured party may have against another person who may be liable therefor. Section 50 provides that a satisfaction or release of judgment or other agreement terminating a judgment debtor's obligation does not discharge the liability of any other person liable for the loss, unless otherwise agreed, except as to any amount actually received by the judgment creditor.

*B. Fraud.*

Montgomery also asserted in his motion for summary judgment that there was no evidence as to various elements of Caprock's claim for fraud, including the making of a misrepresentation with knowledge of its falsity at the time it was made. The elements of fraud are (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009). In response to Montgomery's motion, Caprock presented no summary judgment evidence showing that the representation regarding the value of the collateral as being $180,000 was false at the time of the representation or that Montgomery knew it was false at that time. Caprock's summary judgment evidence merely indicated that Montgomery was aware over fifteen months after he signed the promissory note that "the specific properties pledged with the bank do not have enough value to come anywhere close to equaling the liabilities to the bank." This is no evidence of the collateral's value at the time of the loan or of a misrepresentation made by Montgomery at that time. Caprock, therefore, failed to present more than a scintilla of summary judgment evidence on these elements of fraud in response to Montgomery's no-evidence motion. Consequently, the trial court properly granted the motion on this basis. TEX. R. CIV. P. 166a(i).

Caprock's first issue is sustained as to the grant of summary judgment in favor of Montgomery on his defenses to liability on the promissory note; however, it is overruled as to the grant of a take-nothing summary judgment in favor of Montgomery on Caprock's fraud claim.

### III. *Caprock's Motion*

In its second issue on appeal, Caprock argues that the trial court erred in denying Caprock's motion for summary judgment. Caprock urged in its traditional motion for summary judgment that it was entitled to summary judgment on its breach of contract claim and that it was also entitled to summary judgment on Montgomery's counterclaims, which were "defensive" counterclaims asserted for purposes of offset to negate any recovery by Caprock on its suit on the note.

To prevail on a breach of contract claim, a party must establish the following elements: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff as a result of the defendant's breach. *Eaves v. Unifund CCR Partners*, 301 S.W.3d 402, 407 (Tex. App.—El Paso 2009, no pet.). Caprock presented summary judgment evidence in support of these elements. In his response, Montgomery contended that Caprock was not entitled to summary judgment for the following reasons: res judicata, collateral estoppel, satisfaction of the note via the Jonietz bankruptcy, fact issues as to control and possession of the collateral, fact issues as to the amount due on the note, and fact issues regarding Montgomery's counterclaims. As addressed above, Montgomery's assertions of res judicata, collateral estoppel, and satisfaction via the Jonietz bankruptcy fail as a matter of law. Montgomery does not otherwise contest the elements of breach of the promissory note establishing his liability, but he does contest the amount owed. The summary judgment evidence shows the existence of a valid promissory note signed by Montgomery, performance by Caprock's predecessor, and breach by Montgomery. The summary judgment evidence is disputed as to the amount actually owed, the reasonableness of the substituted interest rate, the amount of setoff (if any) available for the alleged mismanagement and waste of the collateral by Caprock and its predecessors, and attorney's fees. The summary judgment evidence established that, except as to the amount of damages, no genuine issue of material fact existed on Caprock's claim for breach of contract. Thus, the trial court should have entered summary judgment in favor of Caprock as to Montgomery's liability for breach of contract but not the amount of damages. Rule 166a(c) provides in part: "The judgment sought shall be rendered forthwith if [the summary judgment evidence, pleadings, motions, and responses] show that, *except as to the amount of damages*, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law" (emphasis added). Caprock's second issue is sustained with respect to the trial court's failure to grant its summary judgment motion regarding liability and is otherwise overruled.

The judgment of the trial court is affirmed as to the take-nothing judgment rendered against Caprock on its claim for fraud. The judgment of the trial court is otherwise reversed. Because both parties moved for summary judgment on the breach of contract claim, we render judgment that Montgomery is liable for breach of the promissory note and that Caprock's claim for breach of the note is not barred by res judicata, collateral estoppel, or satisfaction. Because

issues of fact exist regarding damages -- the amount still due and owing under the note, the amount of any offset that Montgomery may be entitled to, and attorney's fees -- we remand the cause to the trial court for a determination of these issues.


                                   JIM R. WRIGHT

                                   CHIEF JUSTICE


May 27, 2010

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.