# NO. 12-12-00029-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BRENT MCDONALD, CHARLIE MCDONALD AND ELAINE MCDONALD, APPELLANTS* | § | *APPEAL FROM THE 392ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *FRANKLIN CREDIT MANAGEMENT CORPORATION, APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Brent McDonald, Charlie McDonald, and Elaine McDonald (collectively the McDonalds) appeal the summary judgment granted in favor of Franklin Credit Management Corporation (Franklin). In a single issue, the McDonalds argue for reversal of the summary judgment. We affirm.

## BACKGROUND

Charlie McDonald executed a promissory note, and Charlie and Elaine executed a deed of trust, on real property located at 106 Jim Street in Mabank, Henderson County, Texas (real property), to Residential Finance Corporation (RFC) on December 10, 2004. Pursuant to their rights under the promissory note and deed of trust, Charlie and Elaine executed a Notice of Right to Cancel on March 11, 2005. It is undisputed that they did not return the loan proceeds to RFC as required to cancel the promissory note and deed of trust lien.

Later, RFC assigned and transferred its interest in the promissory note and deed of trust executed by Charlie and Elaine to Bayview Loan Servicing, LLC. On November 4, 2005, Charlie and Elaine filed suit in Henderson County against Bayview requesting that the deed of trust lien be declared void. On that same date, Charlie and Elaine also filed a notice of lis pendens in

Henderson County, giving notice of their suit in which they stated that a suit was pending to declare a "security instrument" void. At some point during the suit, RFC was added as a third party defendant. On September 21, 2006, during the pendency of the suit against Bayview, Charlie and Elaine conveyed the real property to their son, Brent. On November 14, 2006, the court signed a final judgment in the suit. The court ordered that Charlie and Elaine take nothing on their claims against Bayview, and that Bayview be granted a judicial foreclosure of its lien under the deed of trust on the real property securing the promissory note from Charlie.

When Franklin, the holder of the promissory note and deed of trust by virtue of assignment, attempted to foreclose on the real property, Brent filed suit to stop the foreclosure. Franklin filed an answer that included a counterclaim and a third party claim, as well as affirmative defenses. Franklin also filed a motion for summary judgment, alleging that it was entitled to summary judgment based upon res judicata. On October 12, 2011, the trial court granted summary judgment in favor of Franklin, stating that the McDonalds' claims were barred by res judicata. This appeal followed.

## ISSUE PRESENTED

In one issue, the McDonalds argue that the trial court erred in granting summary judgment. They argue that there was evidence the lien was void and unenforceable against Brent because Charlie and Elaine rescinded the lien by executing a Notice of Right to Cancel. Further, the McDonalds contend that there was undisputed evidence that res judicata did not apply to Brent and that he was a bona fide purchaser for value, thus precluding summary judgment as a matter of law.

## STANDARD OF REVIEW

In reviewing a traditional motion for summary judgment,[1] we apply the standards established in *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546, 548–49 (Tex. 1985), which are that (1) the movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment,

---

[1] *See* TEX. R. CIV. P. 166a(c).

evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Id.* at 548-49. For a party to prevail on a motion for summary judgment, it must conclusively establish the absence of any genuine question of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c).

A defendant that moves for summary judgment must either negate at least one essential element of the nonmovant's cause of action, or prove all essential elements of an affirmative defense. *See Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). Once the movant has established a right to summary judgment, the nonmovant has the burden to respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. *See e.g., City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979). In reviewing a motion for summary judgment, we "examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion." *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006) (quoting *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005)).

All theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court. *See* TEX. R. CIV. P. 166a(c). When reviewing a summary judgment, courts of appeals should consider all summary judgment grounds ruled on by the trial court and preserved for appellate review that are necessary for final disposition of the appeal. *See Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex. 1996). However, an appellate court may, in the interest of judicial economy, consider other grounds that the movant preserved for review, despite the fact that the trial court did not rule on them. *Id.*

### RES JUDICATA—APPLICABLE LAW

Res judicata precludes relitigation of claims that have been finally adjudicated, or that arise out of the same subject matter and that could have been litigated in the prior action. *Amstadt v U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). For res judicata to apply, there must be (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action. *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430,

3

449 (Tex. 2007). The doctrine seeks to bring an end to litigation, prevent vexatious litigation, maintain stability of court decisions, promote judicial economy and prevent double recovery. *Id*.

Generally, people are not bound by a judgment in a suit to which they were not parties. *Amstadt*, 919 S.W.2d at 652. The doctrine of res judicata creates an exception to this rule by forbidding a second suit arising out of the same subject matter of an earlier suit by those in privity with the parties to the original suit. *Id*. at 652-53. The purposes of the exception are to ensure that a defendant is not twice vexed for the same acts, and to achieve judicial economy by precluding those who have had a fair trial from relitigating claims. *Id*. at 653.

There is no general definition of privity that can be automatically applied in all res judicata cases; the circumstances of each case must be examined. *Getty Oil v. Ins. Co. of N. Am.,* 845 S.W.2d 794, 800 (Tex. 1992). Privity exists if the parties share an identity of interest in the basic legal right that is the subject of the litigation. *Caprock Inv. Corp. v. Montgomery*, 321 S.W.3d 91, 96 (Tex. App.—Eastland 2010, pet. denied). Those in privity with a party may include persons who exert control over the action, persons whose interests are represented by the party, or successors in interest to the party. *Getty Oil*, 845 S.W.2d at 800-01.

During the pendency of an action involving enforcement of an encumbrance against real property, the party to the action who is seeking affirmative relief may file for record with the county clerk of each county where a part of the property is located a notice that the action is pending. TEX. PROP. CODE ANN. § 12.007(a) (West Supp. 2012). A recorded lis pendens is notice to the world of its contents. *Id.* § 13.004(a) (West Supp. 2012). The purpose of lis pendens notice is twofold: (1) to protect the alleged rights of the party filing it to the property that is in dispute in the lawsuit, and (2) to put those interested in the property on notice of the lawsuit. *Collins v. Tex Mall, L.P.*, 297 S.W.3d 409, 418 (Tex. App.—Fort Worth 2009, no pet.).

The doctrine of lis pendens is based on the public policy that there should be an end to litigation. *Cherokee Water v. Advance Oil & Gas*, 843 S.W.2d 132, 135 (Tex. App.—Texarkana 1992, writ denied). It accomplishes that policy by preventing alienations that would defeat the litigation and that would deprive the plaintiff of his relief by putting the property beyond the reach of the present action. *Id*. The doctrine does not void a conveyance of the property during pendency of the suit. *Collins*, 297 S.W.3d at 418. The interest of the grantor merely passes subject to the determination of the cause. *Cherokee Water*, 843 S.W.2d at 135.

4

While not all public records establish an irrebuttable presumption of notice, the recorded instruments in a grantee's chain of title generally do. *Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615, 617 (Tex. 2007). "[E]very purchaser of land is charged with knowledge of all facts appearing in the chain of title through which he claims that would place a reasonably prudent person on inquiry as to the rights of other parties in the property conveyed." *Noble Mortg. & Invs. v. D & M Vision Invs.*, 340 S.W.3d 65, 76 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (quoting *Nguyen v. Chapa*, 305 S.W.3d 316, 325 (Tex. App.—Houston [14th Dist.] 2009, pet. denied)).

A good faith purchaser should not lose title to real estate when he has exercised diligence to verify the seller's ownership. *Ojeda de Toca v. Wise*, 748 S.W.2d 449, 451 (Tex. 1988). Status as a bona fide purchaser is an affirmative defense in a title dispute. *Madison v. Gordon*, 39 S.W.3d 604, 606 (Tex. 2001). To receive this special protection, one must acquire property in good faith, for value, and without notice of any third party claim or interest. *Id*. Notice sufficient to defeat a bona fide purchaser's status may be actual or constructive. *Noble Mortg. & Inv. Co.*, 340 S.W.3d at 76. Actual notice rests on personal information or knowledge. *Madison*, 39 S.W.3d at 606. Constructive notice is notice the law imputes to a person not having personal information or knowledge. *Id*.

## ANALYSIS

In support of its motion for summary judgment, Franklin attached a copy of the promissory note executed by Charlie to RFC, the deed of trust executed by Charlie and Elaine granting RFC a lien in the real property, and a Texas home equity affidavit and agreement executed by Charlie and Elaine. Franklin also attached the original petition filed by Charlie and Elaine against Bayview, the notice of lis pendens filed by Charlie and Elaine regarding their suit against Bayview, the final judgment in the suit, and a general warranty deed conveying the real property from Charlie and Elaine to Brent. From this evidence, Franklin showed that Charlie and Elaine alleged in their suit that the deed of trust lien was void because they "gave notice of rescission of such lien within the time and in the matter provided by law" and that Bayview failed to terminate the lien as required by law. The evidence also showed that Charlie and Elaine filed a lis pendens, in which they stated that a suit was pending to declare a "security instrument" void.

5

Afterwards, but before judgment in the first suit, Charlie and Elaine conveyed the real property to Brent. The lis pendens put Brent on notice of the pending lawsuit and the existence of the deed of trust lien. *See Noble Mortg.*, 340 S.W.3d at 76. Any interest Brent received at the time of the conveyance passed subject to the determination of that suit. *See Cherokee Water*, 843 S.W.2d at 135. The final judgment in the suit decreed that the deed of trust lien was valid, and granted Bayview a judicial foreclosure on the real property. Brent was in privity with Charlie and Elaine in the suit because he claimed an interest in the real property that was the subject of the suit. *See Caprock Inv. Corp.*, 321 S.W.3d at 96.

Franklin's summary judgment evidence showed that there was a prior final judgment on the merits of the deed of trust lien by a court of competent jurisdiction, that Brent was in privity with Charlie and Elaine, and that Brent's suit against Franklin was based on the same claims that were raised in the first action, i.e., the validity of the deed of trust lien. Accordingly, Franklin established that Brent's claims were barred by res judicata.

Once Franklin showed that Brent's claims were barred by res judicata, the McDonalds had the burden of presenting an issue that would preclude summary judgment. *See City of Houston*, 589 S.W.2d at 678-79. First, the McDonalds argue that the deed of trust lien was extinguished when Charlie and Elaine filed the Notice of Right to Cancel on March 11, 2005. Brent contends that when he purchased the real property from Charlie and Elaine prior to final judgment in the first suit, the deed of trust lien had been rescinded by Charlie and Elaine. In other words, the McDonalds argue that the deed of trust lien was void as a matter of law, and that the real property was conveyed to Brent free and clear of the deed of trust lien.

However, the Notice of Right to Cancel states that Charlie and Elaine "must return to [RFC] any money or property you have given to us or to anyone else in connection with this transaction." It is undisputed that Charlie and Elaine never returned the loan proceeds to RFC. The return of the loan proceeds that Charlie and Elaine received on December 10, 2004, was a condition precedent for the deed of trust lien on the real property to be extinguished. Conditions precedent to an obligation to perform are those acts or events that must occur subsequent to the making of a contract and that must occur before there is a right to immediate performance and before there is a breach of contractual duty. *See Hohenberg Bros. Co. v. George E. Gibbons & Co.,* 537 S.W.2d 1, 3 (Tex. 1976). A party seeking to rescind a contract or lien bears the burden

6

of proving that all conditions precedent have been satisfied. *See **Sharifi v. Steen Automotive, LLC**,* 370 S.W.3d 126, 144 (Tex. App.—Dallas 2012, no pet.). Because Charlie and Elaine did not return the proceeds to RFC, they failed to satisfy the condition precedent to rescinding the deed of trust lien. Therefore, the deed of trust lien on the real property existed when Charlie and Elaine conveyed the property to Brent. Accordingly, the record does not support the McDonalds' argument that the deed of trust lien was void and unenforceable against Brent.

Brent also contends that he was a bona fide purchaser for value, which is an affirmative defense in a title dispute. *See **Ojeda de Toca***, 748 S.W.32d at 451. However, Brent must prove that he acquired the real property in good faith, for value, and without notice of any third party claim or interest. *See **id**.* As noted above, a recorded lis pendens is notice to the world of its contents. *See* TEX. PROP. CODE ANN. § 13.004(a). The purpose of a lis pendens includes putting those interested in the property on notice of the lawsuit. *See **Collins***, 297 S.W.3d at 418. Further, as a purchaser of real property, Brent is charged with knowledge of all facts appearing in the chain of title that would place a reasonably prudent person on inquiry as to the rights of other parties in the real property. *See **Noble Mortg.***, 340 S.W.3d at 76.

Here, the evidence showed that Charlie and Elaine filed and recorded a lis pendens, which stated that a suit was pending to declare a "security instrument" void. Afterwards, but before a judgment in the first suit had been rendered, Charlie and Elaine conveyed the real property to Brent. Because his parents filed a lis pendens before he purchased the real property, Brent had constructive knowledge of the first action involving the deed of trust lien, defeating his status as a bona fide purchaser for value. *See **id**.; **Madison***, 39 S.W.3d at 606. Thus, Brent failed to raise a fact issue on his affirmative defense.

In conclusion, Franklin was entitled to summary judgment as a matter of law based on the doctrine of res judicata, and the trial court did not err in granting its motion for summary judgment. Accordingly, the McDonalds' sole issue is overruled.

## DISPOSITION

Having overruled the McDonalds' sole issue, we ***affirm*** the judgment of the trial court.

7

**JAMES T. WORTHEN**
Chief Justice


Opinion delivered January 31, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(PUBLISH)


8



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 31, 2013**

**NO. 12-12-00029-CV**

**BRENT MCDONALD, CHARLIE MCDONALD
AND ELAINE MCDONALD,**
Appellants

v.

**FRANKLIN CREDIT MANAGEMENT CORPORATION**,
Appellee

---

Appeal from the 392nd Judicial District Court

of Henderson County, Texas. (Tr.Ct.No.2008B-545)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*