**Opinion filed September 22, 2016**



## In The

# Eleventh Court of Appeals

_____

## No. 11-14-00228-CV

_____

## JAMES TOLLETT AND VIRGINIA TOLLETT, Appellants

## V.

## JPMORGAN CHASE BANK, N.A., Appellee

**On Appeal from the 42nd District Court**

**Callahan County, Texas**

**Trial Court Cause No. 19,856**

### M E M O R A N D U M   O P I N I O N

This is an appeal from a summary judgment order entered in favor of Appellee, JPMorgan Chase Bank, N.A. We affirm.

Appellee loaned Appellants, James Tollett and Virginia Tollett, money to purchase their home. The loan was secured by a deed of trust lien on the property. In 2011, when Appellee sought to foreclose its lien on the property, Appellants filed

suit against Appellee[1] for wrongful foreclosure. Appellants took the position that Appellee had taken payments that they had sent for principal and interest payments and had wrongfully applied those payments to premiums for homeowner's insurance.

Appellants also sought a temporary restraining order. The trial court issued a temporary restraining order in which it ordered Appellee to cease and desist from conducting the planned foreclosure sale and from posting the house in a future foreclosure sale for fourteen days from the entry of the order. In their second amended petition, Appellants withdrew their claim for wrongful foreclosure and asserted a claim for breach of contract.[2] As with their wrongful foreclosure claim as to payments made by them, Appellants alleged that Appellee breached the deed of trust when it incorrectly took payments made by Appellants for principal and interest and applied them to homeowner's insurance, when it instituted a foreclosure action, and when it set a foreclosure sale.

Appellee filed a motion for summary judgment and later filed an amended motion in which it argued that Appellants' claim for breach of contract failed as a matter of law because the summary judgment evidence conclusively established that Appellants first breached the deed of trust when they failed to maintain and provide proof of insurance. Appellee further argued that Appellants did not sustain any damages as a result of the alleged breach because no foreclosure had occurred and Appellants were still in possession of the property. Appellee also asserted that

---

[1]Appellants also named L. Reppert, H Whitney, or S Holmsley, Substitute Trustee, as a defendant in their original petition.

[2]Appellants also asserted a claim for fraud and for injunctive relief, and Appellee challenged those causes of action, along with the claim for breach of contract, in its amended motion for summary judgment. However, because Appellants do not challenge the portion of the order in which the trial court granted summary judgment as to those claims, we do not discuss those claims in this appeal. Here, Appellants challenge only the portion of the trial court's order in which it granted summary judgment as to Appellants' breach of contract claim.

Appellants had no evidence to support their breach of contract claim. Specifically, Appellee asserted that Appellants could not show (1) that a valid contract existed, (2) that Appellants performed or tendered performance, (3) that Appellee breached the contract, or (4) that Appellants had sustained any damages from the alleged breach. Appellants filed a response, and after considering the filed documents and the argument of counsel, the trial court granted Appellee's motion.

Appellants assert that they tendered payments sufficient to bring their account current in October 2011 but that Appellee refused the payments and posted the property for foreclosure. In their sole issue on appeal, Appellants ask whether they were required to continue to tender payments to Appellee when Appellants believed that the payments would be returned. Appellants contend that the October 2011 payments constituted evidence of performance regarding their deed of trust and that Appellee breached the contract by refusing to accept the payments and by overcharging Appellants for "force placed insurance." Appellants do not believe that they should have to wait until Appellee actually forecloses on their house before they can file suit against Appellee for breach of contract.

Appellee contends that the summary judgment evidence showed that the October 2011 payments did not bring the account current and that, even if there was evidence of a breach, Appellants have not sustained any damage from such breach because Appellee has not foreclosed on Appellants' home.

We review a trial court's grant of summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When a party moves for summary judgment on both traditional and no-evidence grounds, we review the no-evidence grounds first. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013) (citing *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004)). A trial court must grant a no-evidence motion for summary judgment if the nonmovant fails to produce more than a scintilla of evidence raising a genuine issue

3

of material fact on the challenged element of the cause of action. TEX. R. CIV. P. 166a(i); *Ridgway*, 135 S.W.3d at 600. A nonmovant produces more than a scintilla of evidence when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Ridgway*, 135 S.W.3d at 601 (quoting *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)).

To prevail on a claim for breach of contract, the plaintiff must establish the existence of a valid contract, performance or tendered performance by the plaintiff, a breach of the contract by the defendant, and the damages to the plaintiff as a result of the defendant's breach. *Caprock Inv. Corp. v. Montgomery*, 321 S.W.3d 91, 99 (Tex. App.—Eastland 2010, pet. denied). Appellee attacked each of the four elements required to establish a claim for breach of contract in its no-evidence motion for summary judgment. Because the trial court did not specify the grounds on which it granted summary judgment, we must affirm the summary judgment if any of the grounds presented to the trial court and preserved for appellate review are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

We will first look to whether Appellants, in response to Appellee's no-evidence motion for summary judgment, produced more than a scintilla of evidence raising a genuine issue of material fact as to the damages element of Appellants' claim. We note that, even in Appellants' second amended petition, Appellants allege that they will suffer actual damages only for their investment in the property in the amount of $100,000. Specifically, Appellants state, "If Chase Bank is allowed to foreclose the property Plaintiffs will suffer the loss of the down payment of $100,000." Similarly, in their response to Appellee's no-evidence motion for summary judgment, Appellants claim that they "were damaged by the breach of the contract by the Defendant in that they stand to lose their home and the equity in the home." Appellants provided no other explanation or any summary judgment

4

evidence as to how they had already been damaged. The alleged damage that they will suffer will only occur if Appellee forecloses on their property; an act that has not yet occurred or at least had not yet occurred at the time of the trial court's ruling. Therefore, Appellants failed to produce more than a scintilla of evidence that showed that they sustained damages as a result of the alleged breach. *See, e.g.*, *Peoples v. BAC Home Loans Servicing, LP*, No. 4:10-CV-489-A, 2011 WL 1107211, at *4 (N.D. Tex. Mar. 25, 2011) (finding that plaintiff had failed to allege any damages that were "actually sustained" where plaintiff remained in continuous possession of her residence and where foreclosure had not occurred); *Wells Fargo Bank, N.A. v. Robinson*, 391 S.W.3d 590, 594 (Tex. App.—Dallas 2012, no pet.) (stating that, even when there has been a foreclosure sale, the recovery of damages is not appropriate where title to the property has not passed to a third party and the borrower's possession of the property has not been materially disturbed).

Because Appellants failed to bring forth any evidence to show that they had sustained actual damages as a result of Appellee's alleged breach of the deed of trust, the trial court did not err when it granted Appellee's no-evidence motion for summary judgment as to Appellants' claim for breach of contract. Appellants' sole issue on appeal is overruled.

We affirm the judgment of the trial court.

JIM R. WRIGHT
CHIEF JUSTICE

September 22, 2016

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.