**Opinion filed January 29, 2021**



## In The

# Eleventh Court of Appeals

_____

## No. 11-19-00016-CV

_____

## EAGLE SUPPLY & MANUFACTURING L.P. F/K/A EAGLE CONSTRUCTION & ENVIRONMENTAL SERVICES, L.P. AND METEX DEMOLITION, LLC, Appellants

## V.

## LANDMARK AMERICAN INSURANCE CO. AND SENECA SPECIALTY INSURANCE CO., Appellees

**On Appeal from the 91st District Court**
**Eastland County, Texas**
**Trial Court Cause No. CV-1242617A**

### O P I N I O N

This is the second appeal from the underlying lawsuit. Appellants, Eagle Supply & Manufacturing L.P. f/k/a Eagle Construction & Environmental Services, L.P. (Eagle) and Metex Demolition, LLC (Metex) sued Metex's liability insurers,

Appellees Landmark American Insurance Company (Landmark) and Seneca Specialty Insurance Company (Seneca). *See Landmark Am. Ins. Co. v. Eagle Supply & Mfg. L.P.*, 530 S.W.3d 761 (Tex. App.—Eastland 2017, no pet.). The previous appeal involved a permissive appeal from the denial of two motions for summary judgment brought by Landmark and Seneca with respect to Eagle's claims. As liability insurers, Landmark and Seneca asserted that the trial court did not have subject-matter jurisdiction to adjudicate claims brought directly against them by the injured party (Eagle) to access liability insurance coverage. As explained below, we agreed with Landmark and Seneca that the trial court did not have subject-matter jurisdiction to adjudicate Eagle's direct claims against them. However, we remanded the case for the consideration of Metex's claims against Landmark and Seneca that remained pending in the trial court.

Following the remand, Landmark and Seneca filed motions to dismiss the claims that remained pending in the trial court. Relying upon our prior opinion, Landmark and Seneca asserted that a dismissal with prejudice was required. The trial court agreed by entering orders that granted Landmark's and Seneca's motions to dismiss with prejudice all remaining claims brought by Eagle and Metex.

Eagle and Metex raise four issues on appeal. They assert that (1) the trial court's failure to make written findings of fact and conclusions of law was reversible error, (2) dismissal with prejudice was error, (3) Eagle is a real party in interest as to Metex's claims against its insurers (Landmark and Seneca), and (4) the law-of-the-case doctrine does not preclude Metex's claims. We reverse and remand.

*Background Facts*

The underlying lawsuit arises from damage claims that Eagle originally asserted against Metex for demolition, cleanup, and remediation work that Metex contracted to perform at three power plants in Texas that Eagle owns. Metex's contracts with Eagle required Metex to obtain liability insurance for the demolition

2

work.  Landmark issued a pollution liability policy to Metex, and Seneca issued a general commercial liability insurance policy to Metex.

Metex filed a Chapter 11 bankruptcy proceeding on March 30, 2012.  Eagle soon filed the underlying suit in state court against an affiliate and principals of Metex, asserting claims against them for breach of contract and fraud.  Eagle subsequently asserted claims for property damage and breach of contract against Metex in the bankruptcy court.  Eagle asserted a liquidated claim under various contracts totaling $2,309,830.01.  Eagle also asserted an unliquidated claim for property damages in its proof of claim.  Eagle did not list an amount that it claimed in unliquidated damages for property damages in its proof of claim.

While the bankruptcy proceeding was pending, Eagle added Landmark and Seneca as parties to the underlying action.  Eagle initially asserted that Landmark and Seneca owed contractual obligations to Eagle under the policies to remedy the property damages caused by Metex.  Accordingly, Eagle asserted that it had a "direct cause of action" against Landmark and Seneca for breach of contract.  Landmark and Seneca each filed a plea to the jurisdiction in their initial pleadings asserting that the trial court lacked subject-matter jurisdiction because Eagle did not have standing to bring a direct cause of action against them.

A settlement agreement was subsequently filed in the bankruptcy proceeding.  A recital at the beginning of the settlement agreement listed the parties to it as being Eagle and the "Eastland County Affiliated Parties."  However, the settlement agreement contained language binding Metex to the terms of the agreement.  Additionally, Metex was a signatory to the agreement because someone signed the agreement on behalf of Metex.

The settlement agreement referenced the underlying proceeding as "the Eastland County Litigation."  In the agreement, the parties agreed "to enter into a full and complete compromise and settlement of the claims asserted in the Eastland

3

County Litigation (except as specifically excluded from this Agreement)." The parties additionally agreed "that Eagle will proceed in the Eastland County Litigation and may name Metex as a defendant with the Eastland County Affiliated Parties in order to access insurance coverage and policy proceeds." The settlement agreement further provided that Metex damaged Eagle's property and that "Metex and the Eastland County Affiliated Parties will, upon confirmation of the Plan [of reorganization], take such actions as are necessary to assert, diligently pursue, and effectuate a claim (or claims), to and against each of the insurance carriers that provide insurance coverage for the damages."

Metex subsequently filed a plan of reorganization in the bankruptcy proceeding. It referred to the settlement agreement as the "Eagle Claim CSA." The plan of reorganization recited that, "without the Eagle Claim CSA, it is unlikely that the Plan could be confirmed." The bankruptcy court entered an order confirming this plan of reorganization on April 5, 2013. The bankruptcy court also entered an order granting Eagle's unsecured claim in the amount of $2,603,284.80. Lastly, the bankruptcy court entered a "Consent Order of Dismissal with Prejudice" with respect to Eagle's claim that provided as follows: "This cause came on to be heard by and through the consent of the parties from all of which it appears to the Court that the matters and issues herein have been resolved and that this case may be, and the same is hereby, dismissed with prejudice."

Eagle subsequently added Metex as a party to the underlying action on April 23, 2013. Metex pleaded a general denial of Eagle's claim against it. Metex also asserted causes of action against Landmark and Seneca. Metex alleged in its pleadings that "Eagle incurred significant damages to its power plant properties" that "consisted of both environmental damages and physical property damages." Metex alleged that it put Landmark and Seneca on notice of Eagle's claims and that they "individually and collectively, failed to indemnify Metex, failed to provide

4

coverage, and failed to provide a defense in the forum in which the claims were asserted against Metex." Metex asserted that Eagle's claims were vigorously contested in several bankruptcy proceedings and that the bankruptcy court ruled in favor of Eagle against Metex. Metex also alleged that it entered into the settlement agreement based upon the rulings of the bankruptcy court.

Eagle subsequently filed a motion for summary judgment against Metex in the underlying action. At the hearing on the motion, Eagle's counsel advised the trial court that Metex did not oppose the motion. Metex did not file a response to the motion. In that regard, Metex responded to Eagle's requests for admissions by admitting to every request for admission made by Eagle, including requests pertaining to liability and damages for the property damage that is the subject of Eagle's claims against Landmark and Seneca. The trial court ultimately granted Eagle's motion for summary judgment against Metex.

After the trial court granted Eagle's motion for summary judgment against Metex, the parties filed a joint motion to consolidate claims and to realign the parties. The motion sought to consolidate Metex's claims against the insurers with Eagle's claims against the insurers. Eagle subsequently filed an amended petition alleging that its damage claims against Metex were litigated in the bankruptcy proceedings and that Landmark and Seneca "failed and refused to participate in the bankruptcy proceedings, failed to provide a defense to Metex, and wholly failed to provide the insurance coverage" that they agreed to provide. Eagle further alleged that it "diligently and properly pursued its underlying claims against Metex, and Metex vigorously defended the claims" in the bankruptcy court. Eagle asserted that it had obtained a "Final Non-appealable Order" against Metex, that Landmark was liable to Eagle in the amount of $523,360, and that Seneca was liable to Eagle in the amount of $577,703 under the terms of the bankruptcy court's orders. Eagle asserted claims against Landmark and Seneca for unfair settlement practices, breach of the

duty of good faith and fair dealing, failure to comply with the prompt payment statute, violations of the DTPA, and breach of contract.

Landmark and Seneca subsequently filed motions for summary judgment. Landmark actually filed two motions for summary judgment. One motion sought summary judgment on Eagle's claims against Landmark, and the other motion sought summary judgment on Metex's claims against Landmark. Seneca only filed one motion for summary judgment. However, it only sought summary judgment on Eagle's claims against Seneca. With respect to Landmark, the record did not indicate that the trial court acted on Landmark's motion for summary judgment brought on Metex's claims against Landmark.

The summary judgment orders that gave rise to the previous appeal only concerned Landmark's and Seneca's motions for summary judgment pertaining to Eagle's claims. However, Metex was an appellee in the previous appeal because its claims against Landmark and Seneca remained pending at the time the summary judgment orders were entered. Additionally, Metex's attorneys (who were the same attorneys representing Eagle) listed Metex as a party joining Eagle in its filings in the previous appeal.

Landmark asserted in its motion for summary judgment that Eagle lacked standing as a matter of law to assert claims against Landmark. Landmark additionally alleged that Eagle's claims were barred because Metex breached conditions in the Landmark insurance policy. Seneca asserted that it was entitled to summary judgment because Metex breached conditions precedent in the Seneca policy that prejudiced Seneca as a matter of law. Seneca also asserted that Eagle did not have a cause of action against it either directly or as assignee of Metex.

In the previous appeal, we held that, as a matter of law, Eagle was not a first-party claimant and thus could not sue Landmark for breach of contract under the policy. *See Landmark*, 530 S.W.3d at 769 ("[W]e agree with Landmark that Eagle

is not an insured under the Landmark policy and that it cannot sue Landmark for breach of contract under the policy as a first-party claimant."). For the same reason, we held that Eagle could not maintain its extra-contractual claims against Landmark. *Id.* ("Eagle's status as third-party claimant also precludes it from asserting [its] extra-contractual claims."). We further held that, because the underlying judgments against Metex were not binding on Landmark, Eagle did not have a ripe claim as a third-party claimant. *Id.* at 772 ("[W]ithout a sufficient judgment against Metex, Eagle does not have a ripe claim under the no-direct-action rule to pursue a breach of contract claim as a judgment creditor against Landmark.").

We also held that the same analysis applied with respect to Eagle's claims against Seneca. *Id.* at 773 ("Eagle's status as a third-party claimant under the Seneca policy for Eagle's claims against Metex for property damage leads to the same analysis and result as with Eagle's claims under the Landmark policy."). Thus, because Eagle could not maintain its suit against Landmark and Seneca on any of its pleaded claims, we reversed the judgment of the trial court and rendered judgment against Eagle. *Id.* at 773–74.

We noted in the previous appeal that Eagle referenced an assignment that it had "recently received" from Metex. *Id.* at 772. We further noted that the assignment was not before the trial court and that it was not a part of the record on appeal. *Id.* For those reasons, we specifically excepted the alleged assignment as a basis for rendering judgment against Eagle. *Id.* We also remanded the case with respect to Metex's claims against Landmark and Seneca because those claims were still pending in the trial court and we did not address them in the previous appeal. *Id.* at 774.

According to the record now before us, Metex signed the assignment to Eagle on July 25, 2014, and Eagle signed it on August 4, 2014. Landmark filed a copy of

the assignment as an exhibit to its motion to dismiss. The assignment provided that Metex assigned the following to Eagle:

> [A]ll of [Metex's] right, title, and interest in and to any and all sums of money now due or to become due to Metex . . . . [Metex] further grants and conveys to [Eagle] all of its right, title and interest in and to all of [Metex's] causes of action against [Landmark] and [Seneca], including but not limited to breach of contract, violations of the Texas Insurance Code, negligence, and property damage . . . .
>
> This assignment conveys to [Eagle] the full right and power to maintain an action against [Landmark] and [Seneca] . . . .[1]

The following timeline places the assignment's execution in the context of the litigation that led to the previous appeal:

- Seneca and Landmark filed motions for summary judgment against Metex and Eagle on May 6, 2014, and May 13, 2014, respectively.

- Eagle and Metex filed responses to the motions on June 2, 2014, and the trial court denied the motions on June 24, 2014.

- On July 21, 2014, and July 24, 2014, respectively, Landmark and Seneca filed motions for reconsideration and, in the alternative, motions for permission to file an interlocutory appeal.

- On July 25, 2014, Metex signed the assignment that is the subject of this appeal, which assigned all claims and causes of action against Landmark and Seneca to Eagle.

- On August 4, 2014, Eagle executed the assignment.

- On August 25, 2014, Eagle filed responses to Landmark's and Seneca's motions for reconsideration of the denial of their motions for summary judgment. Eagle did not refer to the assignment in its responses.[2]

---

[1]Metex asserted claims against Landmark and Seneca for breach of contract, unfair claim settlement practices, breach of the duty of good faith and fair dealing, failure to comply with the prompt payment statute, and violations of the Deceptive Trade Practices Act.

[2]Landmark asserts that Eagle provided a copy of the assignment to it in September 2014.

- In briefs filed in the previous appeal on January 12, 2015, and February 11, 2015, Eagle and Metex made reference to the assignment. They referred to the assignment in the following terms: (1) "Eagle has also recently received an assignment from Metex for all causes of action against Seneca," and (2) "As stated previously, Eagle has also recently received an assignment from Metex for all causes of action against Landmark."

Eagle and Metex now rely on the assignment as a basis for Eagle's ability to sue on the policies.

This appeal concerns the proceedings that occurred in the trial court upon remand. We issued mandate in the previous appeal on November 3, 2017. It provided in relevant part as follows:

> Therefore, in accordance with this court's opinion, the orders of the trial court are reversed, and judgment is rendered in favor of Landmark American Insurance Co. and Seneca Specialty Insurance Co. on the claims filed against them by Eagle Supply & Manufacturing L.P. f/k/a Eagle Construction and Environmental Services, L.P. The remainder of the cause is remanded to the trial court for further proceedings.

None of the parties filed any amended pleadings upon remand. The case remained inactive at the trial court level until the trial court granted Landmark's motion to lift a stay imposed after the institution of the permissive appeal. Approximately three months later, Seneca and Landmark filed motions to dismiss with prejudice based upon our prior opinion.[3]

Landmark and Seneca alleged in their motions to dismiss that Eagle was no longer a party in the case as a result of our judgment in the previous appeal. They further asserted that, because Metex had previously assigned all of its claims and

---

[3]Seneca also filed a motion for summary judgment in the alternative. However, the trial court did not rule on the motion for summary judgment.

causes of action to Eagle, Metex no longer had any claims to assert and therefore lacked standing in the trial court.

In response, Eagle and Metex asserted that, because Metex assigned all claims and causes of action to Eagle, Eagle is a real party in interest to Metex's claims, and therefore Eagle has standing to pursue those claims in the trial court. Specifically, they argue that, because we explicitly did not consider the assignment in the previous appeal and we remanded for consideration of Metex's claims in the trial court, our judgment neither precluded Metex's claims nor did it preclude Eagle's ability to pursue claims as Metex's assignee.

The trial court granted Landmark's and Seneca's motions by dismissing the claims of both Eagle and Metex with prejudice. Eagle and Metex filed a request for the trial court to prepare written findings of fact and conclusions of law. The trial court did not enter the requested findings. Eagle and Metex also filed a motion to reinstate the case and a motion for new trial seeking to set aside the orders dismissing the case. The motion for new trial was overruled by operation of law. *See* TEX. R. CIV. P. 329b. This appeal followed.

*Analysis*

We begin our analysis by noting that this case arrives to us in an unusual procedural posture in at least two respects. First, the previous appeal was a permissive appeal from the *denial* of motions for summary judgment. An order denying a summary judgment motion is generally not appealable because it is an interlocutory order and not a final judgment. *Humphreys v. Caldwell*, 888 S.W.2d 469, 470 (Tex. 1994). Second, the case is back before us on orders that granted motions to dismiss. The use of a motion to dismiss as a procedural vehicle for a summary adjudication of a case is generally not available. *Centennial Ins. Co. v. Commercial Union Ins. Cos.*, 803 S.W.2d 479, 482 (Tex. App.—Houston [14th Dist.] 1991, no writ). Landmark and Seneca assert that their motions to dismiss were

10

proper because they asserted a lack of subject-matter jurisdiction by challenging Eagle's and Metex's standing. Courts have recognized that the use of a motion to dismiss based upon jurisdictional grounds is proper. *See AC Interests, L.P. v. Tex. Comm'n on Envtl. Quality*, 543 S.W.3d 703, 706 (Tex. 2018) (citing *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000)).

As noted above, little activity occurred in the trial court after we remanded the case. None of the parties amended their pleadings. Thus, Eagle did not have a pleading asserting a claim as Metex's assignee. Landmark and Seneca filed their motions to dismiss primarily based on our prior disposition of the case in the previous appeal. Landmark and Seneca asserted that a dismissal with prejudice was required by our prior opinion, judgment, and mandate. They presented this contention even though we remanded the case to the trial court for the consideration of claims that were not before us. As specified in our prior opinion, we did not address Metex's claims against Seneca and Landmark, and we did not address any claims related to the assignment of claims that Eagle asserted that it had received from Metex. The only additional matter of substance before the trial court at the hearing on the motions to dismiss was the written assignment between Metex and Eagle.

The contentions of Landmark and Seneca can be summarized as follows: (1) as a result of the prior appeal, Eagle is no longer a party to the suit and therefore lacks standing; (2) Eagle cannot now assert a claim as an assignee of Metex because Eagle did not plead such a claim previously; (3) Metex does not have standing because it assigned all of its claims to Eagle; and (4) alternatively, as a result of our disposition of the prior appeal, neither Metex nor Eagle can rely on the previous judgments rendered against Metex.

Eagle and Metex assert in their second issue that the trial court erred by entering a dismissal with prejudice. In presenting this issue, Eagle and Metex are

essentially asserting that the trial court should have given Eagle an opportunity to amend its pleadings so that Eagle could assert Metex's claims as an assignee. Their third issue is related to the second issue because Eagle and Metex assert that Metex's claims remain viable after remand and that Eagle can assert them as Metex's assignee.

Eagle's and Metex's second and third issues, as well as Landmark's and Seneca's responses thereto, present a question of standing because standing was the basis for Landmark's and Seneca's motions to dismiss. As we noted in our prior opinion, "[s]tanding is a matter that concerns the jurisdiction of a court to afford the relief requested, rather than the right of a plaintiff to maintain a suit for the relief requested." *Landmark*, 530 S.W.3d at 766 (citing *Sneed v. Webre*, 465 S.W.3d 169, 186 (Tex. 2015)). "A plaintiff has *standing* when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has *capacity* when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy." *Nootsie, Ltd. v. Williamson Cty. Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996). "A plaintiff must have both standing and capacity to bring a lawsuit." *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). Standing is an issue that cannot be waived, but capacity can be waived. *Coastal Liquids Transp., L.P. v. Harris Cty. Appraisal Dist.*, 46 S.W.3d 880, 884 (Tex. 2001); *see Lovato*, 171 S.W.3d at 849 (A challenge to a party's capacity must be raised by a verified pleading in the trial court. (citing TEX. R. CIV. P. 93(1)-(2))).

Because standing is a requirement of subject-matter jurisdiction, we review a trial court's determination of standing de novo. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 502 (Tex. 2010). Eagle and Metex assert in their reply brief that Eagle is not trying to bring any claims that were rendered against Eagle in the previous appeal. Instead, Eagle is attempting to assert claims that it would have as Metex's assignee. Thus, we focus on Eagle's standing as Metex's assignee.

As a party to the express contract of assignment, we conclude that Eagle has standing to assert Metex's causes of action that Metex assigned to Eagle. An assignment is a contract between the assignor of a right and an assignee, who receives the authority to assert that right. *Univ. of Tex. Med. Branch at Galveston v. Allan*, 777 S.W.2d 450, 453 (Tex. App.—Houston [14th Dist.] 1989, no writ). We noted in *Bans Properties, L.L.C. v. Housing Authority of Odessa* that a party to a contract generally has standing to maintain a suit on the contract. 327 S.W.3d 310, 314 (Tex. App.—Eastland 2010, no pet.) (citing *Interstate Contracting Corp. v. City of Dallas*, 135 S.W.3d 605, 618 (Tex. 2004)). Whether a party is entitled to sue on a contract is not truly a standing issue because it does not affect the jurisdiction of the court. *Transcon. Realty Inv'rs, Inc. v. Wicks,* 442 S.W.3d 676, 679 (Tex. App.—Dallas 2014, pet. denied).

Rather than standing, Landmark's and Seneca's contentions concern capacity because they concern whether Eagle or Metex has the legal authority to pursue Metex's claims.[4] *See Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 775 (Tex. 2020). When a cause of action is assigned or transferred, the assignee becomes the real party in interest with the authority to prosecute the suit to judgment. *Tex. Mach. & Equip. Co. v. Gordon Knox Oil & Expl. Co.*, 442 S.W.2d 315, 317 (Tex. 1969); *Flagstar Bank, FSB v. Walker*, 451 S.W.3d 490, 497 (Tex. App.—Dallas 2014, no pet.). Furthermore, the assignee of a cause of action can sue in the name of his assignor. *Gordon Knox*, 442 S.W.2d at 317; *see Kerlin v. Sauceda*, 263 S.W.3d 920, 932 (Tex. 2008) (Brister, J. concurring). Thus, whether Metex's claims against Landmark and Seneca are prosecuted in Metex's name or Eagle's name, the trial court had subject-matter jurisdiction to consider Metex's claims. *See Tex. Dep't of*

---

[4]Because the trial court has not considered the question of capacity, we express no opinion on Metex's or Eagle's capacity to bring suit.

*Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004) (discussing a plea to the jurisdiction that challenges the jurisdictional facts alleged by the plaintiff). In this regard, Metex had a pleading on file asserting Metex's claims.

Conversely, Eagle did not have a pleading on file asserting a right to recover as an assignee of Metex. Eagle asserts that it should have the opportunity to amend its pleading to assert claims as Metex's assignee.[5] Landmark and Seneca assert that Eagle should not be allowed to amend its pleadings because Eagle is now out of the case after the prior appeal and that, since Metex has assigned all of its claims to Eagle—which is now a non-party, there is no plaintiff left to assert Metex's claims. In making these contentions, Landmark and Seneca are essentially asserting that, under the doctrine of res judicata, Eagle should have asserted its claims as an assignee of Metex prior to the issuance of our prior opinion and that its failure to do so should preclude it from doing so now. We disagree.

Under the doctrine of res judicata, a final judgment in an action bars the parties and their privies from bringing a second suit "not only on matters actually litigated, but also on causes of action or defenses which arise out of the same subject matter and which might have been litigated in the first suit." *Barr v. Resolution Trust Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 630 (Tex. 1992) (emphasis omitted) (quoting *Tex. Water Rights Comm. v. Crow Iron Works*, 582 S.W.2d 768, 771–72 (Tex. 1979)).[6] The application of res judicata is predicated on the existence of a final judgment in a separate lawsuit. *Creative Thinking Sources, Inc. v. Creative Thinking, Inc.*, 74 S.W.3d 504, 512 (Tex. App.—Corpus Christi 2002, no pet.); *see*

---

[5]Eagle and Metex presented a request to the trial court to amend their pleadings; this request was presented in their motion to reinstate and motion for new trial.

[6]Seneca cites *Barr v. Resolution Trust Corp.* on appeal. When a party seeks to dispose of a case on the ground of res judicata, a motion for summary judgment is the usual procedural vehicle. *Simulis, L.L.C. v. Gen. Elec. Capital Corp.*, 392 S.W.3d 729, 735 n.7 (Tex. App.—Houston [14th Dist.] 2011, pet. denied).

*Caprock Inv. Corp. v. Montgomery*, 321 S.W.3d 91, 100–01 (Tex. App.—Eastland 2010, pet. denied) (citing *Creative Thinking*).

Res judicata does not preclude Eagle from amending its pleadings to assert Metex's claims as an assignee after remand. Res judicata is inapplicable because our prior opinion, judgment, and mandate did not occur in a separate lawsuit. *See Montgomery*, 321 S.W.3d at 100. From a practical standpoint, Eagle had no reason to amend its pleadings prior to the issuance of our prior opinion because it prevailed in the trial court on Landmark's and Seneca's motions for summary judgment. *See* 6 ROY W. MCDONALD & ELAINE A. GRAFTON CARLSON, TEXAS CIVIL PRACTICE § 34:4 (2d ed.) ("If a motion for summary judgment is not successful, the parties are free to amend their pleadings, add or delete claims or defenses, and join additional parties, among other things.").

Rather than res judicata, the applicable rule governing Eagle's ability to amend its pleadings is the one set out in *Hudson v. Wakefield*, 711 S.W.2d 628 (Tex. 1986). "Generally, when an appellate court reverses and remands a case for further proceedings, and the mandate is not limited by special instructions, the effect is to remand the case to the lower court on all issues of fact, and the case is reopened in its entirety." *Simulis, L.L.C. v. Gen. Elec. Capital Corp.*, 392 S.W.3d 729, 734 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (citing *Hudson*, 711 S.W.2d at 630). This principle is particularly applicable in the context of an appeal involving a summary judgment because the appellate court is limited in its consideration of the relevant issues and facts. *Hudson*, 711 S.W.2d at 630–31; *see* MCDONALD & CARLSON § 34:4 (citing *Hudson* for the suggestion that a limited remand is not appropriate in an appeal involving a summary judgment).

"When an appellate court . . . renders the judgment a trial court should have rendered, the judgment of the appellate court becomes the judgment of both courts, as to those issues." *Bramlett v. Phillips*, 359 S.W.3d 304, 310 (Tex. App.—Amarillo

2012), *aff'd*, 407 S.W.3d 229 (Tex. 2013) (citing *Cook v. Cameron*, 733 S.W.2d 137, 139 (Tex. 1987) (op. on rehearing)). "The mandate is the appellate court's directive commanding the lower court to comply with the appellate court's judgment." *Id.* The scope of an appellate court's mandate is determined with reference to both the appellate court's opinion and the mandate itself. *Id.*; *Cessna Aircraft Co. v. Aircraft Network, LLC*, 345 S.W.3d 139, 144 (Tex. App.—Dallas 2011, no pet.).

The issues that we rendered judgment on in the previous appeal were only the claims that Eagle had previously asserted. We specifically excepted from our decision Metex's claims and any claims related to the assignment that Eagle asserted it had received from Metex. Thus, our opinion, judgment, and mandate did not preclude Metex's claims—whether they were asserted by Metex or Eagle. Accordingly, Landmark and Seneca were not entitled to a dismissal with prejudice based upon our disposition of the prior appeal. We sustain Eagle's and Metex's second and third issues.

Eagle's and Metex's fourth issue presents another matter over which the parties disagree. This matter concerns a dispute over the effect of our prior ruling on Metex's claims. Because this dispute will affect the subsequent proceedings in the trial court and involves conflicting interpretations of our prior disposition, we consider it in the interest of judicial economy.

A Texas liability insurance policy imposes two distinct duties: the duty to defend and the duty to indemnify. *Farmers Tex. Cty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 82 (Tex. 1997); *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 821–22 (Tex. 1997). Metex pleaded a cause of action against Landmark and Seneca to the effect that they had failed to defend Metex in the bankruptcy proceeding against Eagle's damage claims and that Landmark and Seneca had failed to indemnify Metex for the judgments that Eagle had obtained against Metex.

In the prior appeal, we determined that Eagle could not recover as a third-party claimant against Landmark and Seneca on the judgments Eagle had obtained against Metex because the judgments were not the result of a fully adversarial trial as required by *Great American Insurance Co. v. Hamel*, 525 S.W.3d 655, 661–67 (Tex. 2017), and *State Farm Fire & Casualty Co. v. Gandy*, 925 S.W.2d 696, 714 (Tex. 1996). *Landmark*, 530 S.W.3d at 770–73. In this appeal, Eagle and Metex assert that, if they establish that Landmark and Seneca breached their duty to defend Metex, then Landmark and Seneca are barred from attacking the judgments rendered against Metex in the bankruptcy court and the underlying suit. Conversely, Landmark and Seneca contend that, under the law-of-the-case doctrine,[7] our determination that the judgments against Metex were not the result of a fully adversarial trial under *Hamel* and *Gandy* preclude either Metex or Eagle, as Metex's assignee, from relying on the judgments against Metex irrespective of whether Landmark and Seneca breached a duty to defend Metex.

Under the law-of-the-case doctrine, questions of law decided on appeal will govern the case throughout its subsequent stages. *Hudson*, 711 S.W.2d at 630. Functionally, the doctrine narrows the issues in subsequent stages of the litigation, thus achieving uniformity of decision and judicial economy and efficiency. *Id.* We determined in the prior appeal that the judgments that Eagle obtained against Metex in the bankruptcy court and in the trial court below were not the result of a fully adversarial trial under *Hamel* and *Gandy*. This was a question of law that we determined in the prior appeal. We further conclude that this determination is binding on Metex's claims, whether they are asserted by Metex or by Eagle as Metex's assignee, irrespective of whether Landmark or Seneca breached their duty

---

[7]As noted in *Simulis*, when a party seeks to dispose of a case under the law-of-the-case doctrine, a motion for summary judgment is the usual procedural vehicle. 392 S.W.3d at 735 n.7.

to defend Metex.  This holding is mandated by the holding in *Hamel* and *Gandy*. *Hamel*, 525 S.W.3d at 668.  Because the judgments that Eagle obtained against Metex were not the result of a fully adversarial trial, they are not binding on Landmark and Seneca under any circumstances.  *See id.*

The court's holding in *Hamel* also dictates the manner in which Metex's claims are to be resolved upon remand.  The judgments that Eagle obtained against Metex are not binding on Landmark and Seneca.  *See id.* at 668–69.  However, the parties are permitted to litigate the underlying liability and damage issues in a subsequent suit, including whether Landmark and Seneca breached a duty to defend Metex.[8]  *See id.* at 669–71.  In laymen's terms, the parties are "back to square one" on the question of Landmark's and Seneca's liability under the insurance policies because the prior judgments are not binding on Landmark and Seneca as a matter of law.[9]  *See id.*  Furthermore, the judgments are not admissible as evidence in a subsequent trial.  *See id.* at 670–71.  Accordingly, we overrule Eagle's and Metex's fourth issue to the extent that it asserts that Landmark and Seneca can be bound by the prior judgments that Eagle obtained against Metex.  We do not reach the remainder of Eagle's and Metex's fourth issue or their first issue because they are unnecessary to the disposition of this appeal.  *See* TEX. R. APP. P. 47.1.

---

[8]We express no opinion on whether either Landmark or Seneca breached a duty to defend Metex or on the viability of those claims.  We also express no opinion on the validity of the assignment between Metex and Eagle.  As noted in the briefing both in this appeal and the previous appeal, there are legal and factual disputes concerning these claims.

[9]As noted in *Hamel*, the doctrine of collateral estoppel does not preclude adjudication of liability and damages in a subsequent suit.  525 S.W.3d at 669 n.10.

*This Court's Ruling*

We reverse the orders of the trial court granting Landmark's and Seneca's motions to dismiss with prejudice, and we remand the cause for further proceedings consistent with this opinion.

JOHN M. BAILEY

CHIEF JUSTICE

January 29, 2021

Panel consists of: Bailey, C.J.,
Trotter, J., and Wright, S.C.J.[10]

Williams, J., not participating.

---

[10]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.